ERNST et al. v. STRAUSS.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

LANDLORD AND TENANT—EVICTION—ENTRY TO REPAIR.

Where a lease gave the landlord the right to enter to make necessary repairs, an entry and occupation of part of the floor space by the landlord, in order to make repairs required by the building department and ordered by the court, was not an eviction.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 703.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Moritz L. Ernst and another against David J. Strauss. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

David Gerber, for appellant.
Abraham L. Gutman, for respondents.

McLAUGHLIN, J. The parties to this action entered into a written agreement by which the defendant leased from the plaintiffs for the term of six months, from February 1 to July 31, 1905, the third floor of a building in the city of New York for the purpose of manufacturing and selling lace curtains. There was no agreement on the part of the landlords to make any repairs, but the tenant agreed, by the sixth clause of the lease:

"That the said landlords and their agents or other representatives shall have the right to enter into and upon said premises, or any part thereof, at

all reasonable hours for the purpose of examining the same, or making such repairs or alterations therein as may be necessary for the safety and preservation thereof."

The tenant went into possession, and a short time thereafter a building adjoining was torn down, which rendered one of the walls of this building unsafe, or disclosed the fact that it was unsafe, which fact was unknown to both parties at the time the lease was given. The defect in the wall having been made to appear, proceedings were taken by the building department of the city against the landlords to have the building declared unsafe and dangerous, which proceeding resulted in a precept of this court directed to the superintendent of buildings, commanding him forthwith to make the wall safe by doing the necessary work, etc. Thereupon the landlords obtained permission to do the work themselves, and for this purpose they made contracts with various persons to do the necessary work, in the prosecution of which they were obliged to enter upon the demised premises and occupy a certain portion of it during the work, to the inconvenience and loss of the defendant, and this occupancy continued during the time for which rent is sought to be recovered in this action. The action was originally brought in the Municipal Court, where the plaintiffs had a judgment for the full amount claimed, and on appeal the same was affirmed by the Appellate Term, and from the determination there made the defendant, by permission, appeals to this court.

The sole question presented is whether the occupancy by the landlords, under the circumstances above set forth, excused the tenant from paying rent; in other words, did such occupancy amount to an eviction in law? If it did, then the right to rent was suspended until the tenant was restored to the full enjoyment of the premises leased. There was not an actual eviction. At most there was a temporay interference with the tenant's possession, with reference to which he contracted when he executed his lease, because he then agreed that the landlords might enter into and upon said premises "for the purpose of examining the same, or making such repairs or alterations therein as may be necessary for the safety and preservation thereof." The repairs and alterations here made were necessary for the safety of the building. This had been determined, not only by the building department, but by a decree of the court. This seems to have been recognized also by the defendant, because he did not in fact abandon the premises, and there cannot be an actual or constructive eviction without an actual abondonment of possession (Boreel v. Lawton, 90 N. Y. 293, 43 Am. Rep. 170) ; and alterations and improvements to leased premises, made with the consent of the tenant, do not amount to an eviction, no matter how extensive they may be, nor how much they may interfere with the occupancy of the tenant. Olson v. Schevlovitz, 91 App. Div. 405, 86 N. Y. Supp. 834. Here the entry for the purpose of making the repairs and alterations was made pursuant to a right reserved in the lease, and to which the tenant, by his agreement, consented. Such an entry did not constitute an eviction (Turner v. McCarthy, 4 E. D. Smith, 247), and this irrespective of whether the tenant objected to the re-entry or not, because if he did object it was in violation of his agreement.

I am of the opinion, therefore, that the tenant was liable for the rent because he consented to the making of the alterations, and for that reason the determination appealed from should be affirmed, with costs. All concur.