## MEHRBACH v. MOSER.

(Supreme Court, Appellate Term. June 25, 1909.)

LANDLORD AND TENANT (§ 194*)—EVICTION—LIABILITY FOR RENT—SURRENDER.

Though, if leased premises were destroyed or became untenantable without fault or neglect of the lessee, he might, in the absence of provision to the contrary in the lease, notwithstanding he was obliged by the lease to make ordinary repairs, avail himself of Real Property Law (Laws 1896, p. 589, c. 547) § 197, providing that the tenant, under described circumstances, is not liable for rent for time subsequent to surrender, yet he would be liable for rent to date of surrender, without which there can be no eviction.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 194.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Julia Mehrbach against Gregor Moser. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Charles Pope Caldwell, for appellant.
Engel Bros., for respondent.

MacLEAN, J. Upon oral pleadings, the plaintiff complained, "Action on lease for rent, B. of P.," and the defendant answered, "General denial, bill of particulars, eviction, ejectment." According to the particulars furnished and the lease introduced in evidence, the plaintiff leased to the defendant the store floor and basement of 1881 First avenue, in this borough, for a term of five years from May 1, 1907, at the annual rental of $1,500, payable in equal monthly payments in advance on the 1st day of each and every month during the term; but the defendant has not paid the rent for the months of November and December, 1908, and January, 1909. The evidence discloses that, at the request of the defendant, an inspector of the building department inspected the floor beams and floor of the premises occupied by the defendant, pronounced the same unsafe, and called a survey, after which said department forthwith began the work of repair. These acts the defendant claimed worked an eviction, and the trial justice erroneously rendered judgment in his favor, because the weight of the evidence by its preponderance discloses that the defendant remained in possession of the premises until on or about the middle of December, 1908, and therefore was liable under the terms of the lease for rent that had already accrued, for rent for November, and for December at least to the date of his surrender of the possession, as "there cannot be an actual or constructive eviction without an actual abandonment of possession." Ernst v. Straus, 114 App. Div. 19, 21, 99 N. Y. Supp. 597.

This is true, even if claim be made of destruction or untenantability under section 197 of the real property law (Laws 1896, p. 589, c. 547),

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

then in force, wherein it is stated that the tenant, under the circumstances therein described, is not liable to pay rent for the time subsequent to the surrender.  This section is a substantial re-enactment of chapter 345, p. 592, of the Laws of 1860, which has frequently been considered by the Court of Appeals.  May v. Gillis, 169 N. Y. 330, 333, 62 N. E. 385.  If, upon a new trial of this cause, it should be determined that the premises in question were destroyed or became untenantable without the fault or neglect of the defendant, he might avail himself of the provisions of the statute, even if he were obligated to make all ordinary repairs, as he was herein of so much of the premises as were under his exclusive control, although there was no general covenant to repair, other than that he "will quit and surrender the premises hereby demised in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted," and that "he will comply with all the requirements of the board of health, municipal authorities, and police and fire departments of the city of New York."

The lease in evidence neither expressly nor by necessary implication expressing an intention of the parties that the rent should continue, notwithstanding the premises were destroyed or were so injured by the elements or any other cause as to be untenantable, without the fault or neglect of the occupant, the defendant might avail himself of the provisions of the statute (Butler v. Kidder, 87 N. Y. 98, 103) ; but even in such event he would be liable for rent to the date of his surrender therefor and thereunder.  The judgment must therefore be reversed, and the cause ordered back for a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.