FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR., for appellees; RAYMOND S. PRUITT and HARRY A. MC-CAULEY, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 450*—*when erroneous admission of evidence not preserved for review.* The erroneous admission in evidence of a ledger leaf is not preserved for review, where it was offered, admitted in evidence and made a part of the record without objection, and afterwards counsel stated: "I think these three ledger leaves are objected to," which was not an objection, and no ruling of the court was asked or made.

2. BILLS AND NOTES, § 326*—*when defense of failure of consideration not available.* Where the consideration for promissory notes was the promise of the payee to do certain work, the fact that the payee fails to keep his promise makes him liable for damages but does not constitute a failure of consideration which may be urged as a defense in a suit on the notes.

3. BILLS AND NOTES, § 451*—*sufficiency of evidence.* In a suit to recover on promissory notes, *held* that there was not a clear preponderance of the evidence that there was an accounting or accord which would prevent a recovery.

---

### E. H. Johnson, Trustee, Defendant in Error, v. Arthur Feilchenfeld, Plaintiff in Error.

#### Gen. No. 20,105.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN COURT-NEY, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed January 25, 1915.

### Statement of the Case.

Action of forcible detainer in the Municipal Court of Chicago by E. H. Johnson, trustee of estate of T. F.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

McKinley, bankrupt, against Arthur Feilchenfeld. To reverse a judgment entered on a directed verdict in favor of plaintiff, defendant prosecutes a writ of error.

The facts of the case were as follows: Hannah and Hogg rented from the owner in 1905 the entire floor of a building and about 1906 leased to the defendant a portion thereof 15x58 feet, which he has since occupied. In 1909 Hannah and Hogg leased to Flanigan a portion of said floor adjoining the premises occupied by defendant on the south and east for a term of five years from May 1, 1910. Flanigan, with the consent of the lessors, assigned his lease to Bloom January 19, 1910. Bloom leased to defendant March 5, 1910, a space about 15x25 feet adjoining on the east the premises leased to and occupied by defendant. September 12, 1910, Bloom, with the consent of the lessors, assigned the Flanigan lease to Lane. The lease of the space 15x 25 feet made by Bloom to defendant appears to have been cancelled by consent of defendant and Lane, and Lane, August 4, 1911, leased to defendant a portion of the space leased by Bloom to defendant, approximately fifteen feet square, adjacent to the premises leased to defendant by Hannah and Hogg. April 27, 1912, Lane, with the consent of the lessors, assigned the Flanigan lease to Duggan. Duggan and McCarty occupied for a saloon the premises originally leased to Flanigan, with the exception of the 16x15 feet leased by Lane to defendant until in March, 1913, they lost their license. They paid the March rent and Hannah and Hogg sued Flanigan for the April, 1913, rent and recovered. April 16, 1913, Hannah and Hogg leased to plaintiff McKinley for a term of two years from May 1, 1913, the premises originally leased by said lessors to Flanigan.

This action was brought by McKinley to recover from Feilchenfeld possession of the space fifteen feet square adjoining on the east the premises 15x58 feet

originally leased by Hannah and Hogg to defendant. It appeared that the court directed a verdict for the plaintiff on the theory that the lease to Flanigan had been forfeited and that therefore the lease from Lane to defendant for the premises in controversy had become void and of no effect. The lease to Flanigan provides that:

"It is expressly agreed between the parties that, if default be made in the payment of the rent above reserved or any part thereof, or in any of the covenants and agreements herein contained, to be kept by the second party, it shall be lawful for the first party, or the legal representatives of said party, at any time thereafter, at the election of said first party, or the legal representatives thereof, without notice, to declare said term ended, and to re-enter said demised premises, or any part thereof, either with or without process of law, and the said second party, or any person or persons occupying the same, to expel, remove and put out, using such force as may be necessary so to do, and the said premises again to repossess and enjoy, as before this demise, without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenants.   *   *   * And in order to enforce a forfeiture for non-payment of rent, it shall not be necessary to make a demand on the same day the rent shall become due, but a failure to pay at the place aforesaid, or a demand and a refusal to pay on the same day, or at any time on any subsequent day, shall be sufficient, and shall be deemed a forfeiture for non-payment of rent; and after such default in forfeiture shall be made, the second party and all persons in possession under him shall be deemed guilty of a forcible detainer of said premises under the statute."

SOBOROFF & NEWMAN, for plaintiff in error; SAMUEL W. NEWMAN, of counsel.

No appearance for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 416*—*when provision of forfeiture for nonpayment of rent binding on sublessee.* Provisions in a lease *held* to exact a forfeiture of the lease for nonpayment of the rent by the lessee when due, and to be binding on a sublessee so that an action of forcible detainer would lie against the latter on simple proof of the lessee's nonpayment of the rent.

2. LANDLORD AND TENANT, § 465*—*effect of payment of rent after forfeiture of lease.* The payment after forfeiture of lease of rent accruing before forfeiture does not affect the forfeiture in the absence of any facts connected with the payment tending to show a waiver of such forfeiture.

---

### Wilhelmine Herrman, Defendant in Error, v. Anton Ernst and Margaretha Ernst, Plaintiffs in Error.

### Gen. No. 18,583.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in this court at the October term, 1912. Affirmed upon remittitur; otherwise reversed and remanded. Opinion filed January 25, 1915.

### Statement of the Case.

Action by Wilhelmine Herrmann against Anton and Margaretha Ernst to recover for personal injuries received by plaintiff from being bitten by a dog belonging to defendants. To reverse a judgment entered on a verdict for two hundred dollars, defendants prosecute a writ of error.

Q. J. CHOTT, for plaintiffs in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.