## Charles P. Cote, Appellant, v. Louis Landau, Jr., Appellee.

1. LANDLORD AND TENANT — *validity and effect of stipulation waiving demand for overdue rent and possession, and notice of election to declare forfeiture.* A stipulation in a lease that upon default of rent for 15 days the landlord might at his election re-enter and repossess the premises, the tenant waiving demand for rent and for possession and notice of election to terminate lease, held valid and binding upon the tenant.

2. LANDLORD AND TENANT — *forfeiture for nonpayment of rent under lease waiving compliance with statutory requirements as to demand and notice.* Where a lease stipulated that upon default of rent for 15 days the landlord might at his election re-enter and repossess the premises, the tenant waiving demand for rent and for possession, as well as for notice of election to terminate the lease, the landlord was entitled to maintain an action for recovery of the premises after service of written notice of his election to forfeit the lease, notwithstanding he accepted payment of the overdue rent after giving such notice, the tenant having waived his rights under Landlord and Tenant Act, secs. 8, 9, Cahill's St. ch. 80, ¶¶ 8, 9.

3. LANDLORD AND TENANT — *acceptance of past due rent after notice of forfeiture for nonpayment as waiver of right to enforce forfeiture.* Acceptance of past due rent by a landlord after he has declared a forfeiture of the lease for the nonpayment thereof does not effect a waiver of his right to enforce the forfeiture, especially where the lessee has had written notice of the declaration of forfeiture.

4. LANDLORD AND TENANT — *making of repairs required by order of state fire marshal as suspending liability for rent.* Where the operator of a moving-picture theater on leased premises was notified by the State fire marshal that certain defects in the building must be corrected, but there was no agreement between the parties that rent should cease while repairs were in progress, the tenant was not relieved of liability therefor in accordance with the terms of the lease.

Appeal by plaintiff from the City Court of Granite City; the Hon. M. R. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded. Opinion filed February 17, 1926.

ERNEST C. DODGE and FAULKNER & MOORE, for appellant.

J. B. HARRIS, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellant sued to recover possession of certain premises in Granite City and the verdict and judgment were in favor of appellee. It was stipulated in the lease that, upon a default in the payment of rent for 15 days after it was due, appellant might at his election re-enter and repossess the premises, and appellee expressly waived any demand for rent and for possession, as well as notice of appellant's election to declare the lease at an end. The rent was due on the first day of each month. For a time it was not paid promptly, and on December 19, 1923, appellee was notified in writing that thereafter the rent should be paid at the times specified in the lease.

Appellee did not pay the rent for April, May and June, and on June 27, 1924, appellant served him with written notice that he had elected to forfeit the lease and would take possession of the premises on July 1, 1924. On the day after the notice was served appellee paid the rent that had previously accrued and the same was accepted by appellant. The July rent was tendered on July 1, but appellant refused to receive it and this suit was begun on July 19.

Appellee insists that the acceptance of the overdue rent was a waiver of the forfeiture which had been previously declared. There would be some force in that contention were it not for the stipulations in the lease, in the absence of which, appellant would have been required to comply with sections 8 and 9 of the Landlord and Tenant Act [Cahill's St. ch. 80, ¶¶ 8, 9], in which event, appellee could avoid a forfeiture by paying the rent within the time mentioned in said sections. But the parties had a lawful right to contract

as they did, and appellee is bound by the terms thereof. *Espen v. Hinchliffe,* 131 Ill. 468.

The rent accepted by appellant was all due long before he declared a forfeiture of the lease and was paid after appellee had written notice of the forfeiture. The law is well settled that the acceptance of past due rent under such circumstances is not a waiver. *Johnson v. Feilchenfeld,* 191 Ill. App. 168; *Bleecker v. Smith,* 13 Wend. (N. Y.) 530; *Morrison v. Smith,* 90 Md. 76, 44 Atl. 1031; *Pendill v. Union Mining Co.,* 64 Mich. 172, 31 N. W. 100; *Lindeke v. Associates Realty Co.,* 146 Fed. 630; 24 Cyc. 1362; 18 Amer. & Eng. Encyc. (2nd Ed.) 387; Underhill on Landlord and Tenant, p. 648.

The premises in question were used as a moving-picture theater and in the latter part of April the State fire marshal gave the parties written notice that certain defects in the building would have to be corrected within 30 days. The work was begun about April 27 and finished about June 25. On April 19 appellee wrote appellant that the State fire marshal had called on him and told him that certain changes in the building would have to be made. In that letter appellee stated that he would pay no more rent until the defects were corrected. There was no agreement that rent should cease while the improvements were under way. Appellant says that he asked appellee for the rent twice between April 1 and June 27, and it is admitted by appellee that one of such requests was made.

The question as to whose duty it was to repair the building is not material. The fact that repairs were to be made did not relieve appellee of his duty to pay the rent stipulated in the lease when due according to its terms. *Rubens v. Hill,* 213 Ill. 523. There was no evidence tending to show that there was a waiver of the forfeiture and the court erred in submitting that question to the jury. Appellee presented no defense to the action and the court should have directed a ver-

dict in favor of appellant.  The judgment is reversed and the cause remanded.

*Reversed and remanded.*