39 So.2d 414

### JOINER v. BRIGHTWELL, et al.
#### 6 Div. 719.

Supreme Court of Alabama.
Feb. 17, 1949.

Rehearing Denied March 31, 1949.

Phil Joiner, of Birmingham, for appellant.

McGowen & McGowen and W. H. Mc-Gowen, Jr., all of Birmingham, for appellees.

FOSTER, Justice.

In addition to the facts found by the trial court, the substance of which the reporter will set out, it may be said also that the contract of lease provided: "This lease shall become null and void in event said building should be condemned and ordered torn down or removed by the due process of the law, and the liability of the lessee for the rent thereafter accruing hereunder shall cease upon the happening of said event." (No such event occurred even in part.) Also "The lessor covenants to keep the lessee in possession of said premises during said term."
(There was no breach of this covenant.) "And the lessor covenants that the lessee on paying the rent * * * and performing all the covenants and agreements herein contained shall peaceably and quietly have, hold and enjoy the demised premises." There was no such breach. We will show that an entry temporarily for making repairs is not such a breach.

The letter of July 24, 1947, mentioned in the finding of facts from the chief building inspector to the property owners, called attention to the bulge in the front wall and its danger to the public, and requested that they have proper repairs made to put it in safe condition, or have it taken down within thirty days. The necessity for doing this is not questioned. This work was not begun until September 13, 1947, more than thirty days, but the inspector made no point as to that. The repairs were made by the owners with the consent of the tenant, who continued to store some of his goods in it.

The lease was of two buildings, each facing different streets, but each was directly behind the other. One was for the retail sale of furniture on First Avenue, in Birmingham, and the other was on Morris Avenue for uncrating new furniture, and storing it and used furniture to be transferred to the retail store. The one required to be repaired was that used for storage and uncrating furniture. The condition of this storehouse required to be repaired was about the same as when the lease was made as when the notice was given.

We quote some legal principles applicable from Warren v. Wagner, 75 Ala. 188, 51 Am.Rep. 446, as follows:

"The duty and obligation of the tenant to pay rent result from his beneficial enjoyment of the premises, unmolested by the landlord. There is molestation, relieving him from the duty and obligation, whenever the landlord, personally, or through the act of another, however quietly, enters

upon, and possesses himself of the premises, or any part thereof. \* \* \* If the landlord, by himself, or by the entry of another, which he authorized, or to which he assents, enters upon, and takes possession of a material portion of the premises, the entry and possession, at the election of the tenant, is an eviction from the whole, authorizing an abandonment of the lease, and absolving the tenant from the payment of rent falling due in the future. But if the tenant elects, he may remain in possession of the residue of the premises, and if he makes the election, the tenancy is dissolved only partially, and the discharge of rent is only partial."

In Cook v. Anderson, 85 Ala. 99, 4 So. 713, 714, is the following:

"The settled rule is that a lessee of premises destroyed during the term by unavoidable accident is not relieved from an express promise or covenant to pay rent, unless he protects himself by a stipulation that the rent shall cease in such event, or unless the lessor covenants to rebuild or repair, or unless the destruction is of the entire subject-matter of the lease, so that nothing remains capable of being held or enjoyed, which operates a dissolution of the tenancy. Chamberlain v. Godfrey's Adm'r, 50 Ala. 530; Warren v. Wagner, 75 Ala. 188, [51 Am.Rep. 446]. The destruction was not entire. Only a portion of the building was damaged. The defendants remained in possession of and enjoyed that part of the building which was not destroyed, keeping a small portion of their goods therein. The plaintiff was entitled to recover unless some available defense exists, other than the partial destruction of the building.

"Defendants insist that the entry of plaintiff for the purpose of making repairs (this was after a fire) amounted to an eviction, and discharged them from the payment of rent during the continuance of the eviction. An eviction, to be sufficient to suspend or extinguish the rent, must be tantamount to an expulsion or a motion depriving the tenant of possession and enjoyment of the leased premises. \* \* \* 'The rent is discharged only pro tanto, to the extent of the value of the use and occupation of the part of the premises of which the tenant is dispossessed, if he remains in undisturbed possession of the residue.' The same principle was virtually asserted in Chamberlain v. Godfrey, supra, and Crommelin v. Thiess, 31 Ala. 412 [70 Am.Dec. 499]. \* \* \*

"The admitted facts are that plaintiff only entered for the purpose of repairing the damaged part of the building, and that he so entered with the knowledge and consent of defendants, who resumed possession of the entire building as soon as the repairs were finished. An eviction is, in its nature, wrongful. There can be no eviction, which will operate to suspend the rent, without agreement, express or implied, where it is with the assent of the lessee for a specified purpose and temporary in its duration, and is not by the assertion of a superior claim or right. The entry of the plaintiff with the consent of the tenant, for the purpose of repairing, in order to render the premises more convenient and beneficial for his use and enjoyment, does not amount to an eviction. Peterson v. Edmonson, 5 Har.,Del., 378." See, also, Anderson v. Winton, 136 Ala. 422, 34 So. 962; Pizitz-Smolian Co-op. Stores v. Randolph, 221 Ala. 458, 129 So. 26.

There is no doubt about the power of the court to abate, pro tanto, the amount of the stipulated rent for an eviction from one of the buildings to the amount of its proportionate rental value. See, Leader v. Romano, 208 Ala. 635, 95 So. 7.

It is said in Fleming v. King, 100 Ga. 449, 28 S.E. 239, 241: "The erection of the inclosure and the pulling down of the walls were not done with the intention of interfering with the possession of the tenants or of depriving them of the beneficial use of any portion of the rented premises. The landlord was simply complying with the orders of the municipal authorities, to avoid serious danger to those passing near the cellar and walls." See, Ernst v. Strauss, 114 App.Div. 19, 99 N.Y.S. 597.

In Cote v. Landau, 240 Ill. App. 292, it is said: "Where the operator of a moving picture theater on leased premises was notified by the state fire marshal that certain defects in the building must be corrected, but there was no agreement between

the parties that rent should cease while repairs were in progress, the tenant was not relieved of liability therefor in accordance with the terms of the lease."

In the instant case the trial court held that there was no actual or constructive eviction of complainant from the leased premises in question, and that the landlord was entitled to the whole amount stipulated in the contract as the rent for both buildings.

No question is here raised as to the equitable nature of the relief sought. It could probably be sustained on the theory that it seeks declaration as to an actual justiciable controversy existing between the parties when there was no suit pending in which it could have been settled. Title 7, sections 156, et seq., Code 1940.

The decree of the trial court was a declaration as to the rights of the parties in respect to their controversy. It is final and conclusive in that respect. It is well supported by the evidence taken in open court before the trial judge, and it is affirmed. It referred to the amount of the stipulated monthly rental of $525.00, and directed that if appellant shall pay to appellees an amount equal to that sum monthly from October 1, 1947, to March 31, 1948, together with an attorney's fee of $250.00, said lease shall not be forfeited, and appellant shall have the right to the possession of said premises in accordance with the terms of said lease. Those provisions of the decree are here extended so that in addition to such payment to March 31, 1948, appellant is allowed thirty days after our judgment here becomes effective in which to pay said monthly sum extending to the first day of the month preceding the expiration of said thirty days period, as a condition to be relieved of said forfeiture.

We take note of the fact that pending this appeal, we stayed certain proceedings begun at law after the appeal was taken, upon the execution of a bond. But we have no power to render a summary judgment on that bond since it is not a bond provided for by statute.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.