45 So.2d 709

**JOINER v. BRIGHTWELL et al.**

**6 Div. 971.**

Supreme Court of Alabama.

March 2, 1950.

Rehearing Denied April 27, 1950.

Phil Joiner, of Brimingham, for appellant.

McGowen & McGowen, of Birmingham, for appellee.

FOSTER, Justice.

This is an action at law for the recovery of rent stipulated in the lease of storehouse property by appellees as lessors to appellant as lessee, and relates to the subject matter of the litigation between the same parties reported in 252 Ala. 112, 39 So.2d 414. It is for rent which accrued from October 1947 to May 1948, inclusive. After the suit was begun appellant paid for three months, which appellees credited to October, November and December 1947, leaving the amounts payable for January, February, March, April and May 1948 unpaid, for which a judgment was rendered against appellant upon the verdict of the jury on the affirmative charge given by the court. The lease provided for payment on the first of each month in advance.

The institution of the suit in equity, reported in 252 Ala. 112, 39 So.2d 414, was the beginning of the litigation in question, filed November 29, 1947. That suit was based upon a controversy between the parties as to the amount of rent which appellant was owing appellees under the lease referred to above. The lease provided for a forfeiture upon a failure to pay the stipulated monthly sums.

The bill sought to have the court determine the controversy between them affecting the amount to be paid on and after October 1, 1947, and to allow complainant to pay the same as corrected by the court so as to preserve the lease from forfeiture. Abrams v. Watson, 59 Ala. 524, 525, 531; Hunter-Benn & Co. Company v. Bassett Lumber Co., 224 Ala. 215, 139 So. 348; Carter v. Brownell Auto Co., 217 Ala. 690, 117 So. 304; 30 Corpus Juris Secundum, Equity, § 56, page 392.

The trial court rendered a decree on March 1, 1948, adjudging that appellant was not allowed any deduction on account of his claim and to save the lease from forfeiture must pay the full amount stipulated in the lease which had accrued, to be paid on or before March 31, 1948, and a fixed sum as an attorney's fee. An appeal was taken by appellant to this Court, where the decree was affirmed and an additional time allowed in which to pay all installments which had then matured. There was no personal judgment against appellant sought or rendered. It was only declaratory of the amount payable with no deductions as claimed by appellant and with the privilege of saving the forfeiture by such payment. The payment was not made and appellant surrendered possession on the last day of grace, April 30, 1949.

The instant suit was begun by the issuance of an attachment at the suit of appellees against appellant on May 6, 1948, pending the appeal to this Court in the equity case described above. The writ of attachment was issued but not executed. It was thus returned November 8, 1949. On May 17, 1948, a summons and complaint was issued apparently as a new suit, possibly as a part of the attachment suit. The suit proceeded as commenced by summons and complaint. Section 883, Title 7, Code. The issues were made on the trial with the general issue by consent to give in evidence any matter which would be admissible as a defense to the action. So that no injury could result to appellant from sustaining the demurrer to his special pleas.

■ Appellant contends, in the first place, that the suit at law was not available pending the equity suit, on the contention that they were both to accomplish the same result and should have been pursued in equity. But such is not a proper analysis of the situation. It is true that in the equity suit the court had the power to render a personal judgment against appellant on his offer to do equity, though no cross bill was filed. Hanover Fire Ins. Co. v. Street, 234 Ala. 537, 176 So. 350. But that status does not prevent appellees from suing at law for a personal judgment if they see fit to do so.

■ We know of no case or principle which requires a court of equity to render a personal judgment against complainant when there is nothing to indicate that such a request was made by respondent. A cross bill would not be necessary but the failure of the court to render such a judgment has no element of estoppel against respondent to maintain an action at law and there have a personal judgment.

As we have shown, the decree in equity was rendered March 1, 1948. Complainant appealed to this Court on March 25, 1948. This suit at law for the rent was begun in May 1948 and, therefore, included the two installments due April 1st and May 1st, which were not included in that decree. While that decree could fix as a condition to the relief against forfeiture payment of all installments then due, see, McGregor v. Shipp, 238 Ala. 221[3-4], 189 So. 740, whether it could render a personal judgment for installments not due when the suit in equity was begun in November 1947, there may have been some doubt in the minds of appellees or their counsel. Carrico & Son v. J. E. Duval Printing Co., 219 Ala. 65, 121 So. 59; section 140, Title 7, Code. Whether that was why defendants waited until the installment due May 1, 1948, matured to seek a personal judgment by a separate suit is a matter of conjecture. At any rate, they had a right to do that rather than be involved in a controversy in equity as to whether that court could render a personal judgment for amounts not due when the suit was begun.

We cannot sustain appellant's contention that the suit at law is a further proceeding ancillary to the decree and should have been conducted in the same court of equity rather than a separate suit at law, and not begun at all until the final determination in equity. The suit at law was independent of the equity suit. But the adjudication there declared was available in the suit at law and was conclusive to that extent of their rights. 1 Corpus Juris Secundum, Actions, § 18, page 1058, note 13; Girard Trust Co. v. Tremblay Motor Co., et al., 291 Pa. 507, 140 A. 506.

Appellant cannot maintain his insistance that a suit was not available at law on the *lease contract* for the further reason that appellees had declared a forfeiture of the lease and had brought unlawful detainer which was dismissed on the same day this suit was begun. We think that the effect of the decree at the suit of appellant was to suspend the forfeiture of the lease until the expiration of the period fixed by the court in which appellant could make payment and retain pos-

session. Under that decree the lease did not become finally forfeited until appellant failed to comply with the decree. 51 Corpus Juris Secundum, Landlord and Tenant, § 119, page 710; 35 Corpus Juris 1084, section 264. This suit is for a portion of the rent which accrued prior to that date and was properly grounded on the lease.

This Court on appeal decreed that all installments of rent under the lease which had matured at the time of the affirmance on rehearing, March 31, 1949, were correct charges against appellant. That includes all those involved in the instant controversy. All thus included had matured when this suit was begun. No payment is claimed to have been made on those matured from January 1st to and including May 1, 1948, nor other valid reason for not now paying the same. There is no other contention made by appellant which we think needs discussion. There was no error in giving the affirmative charge for plaintiff.

Affirmed.

BROWN, LAWSON, SIMPSON and STAKELY, JJ., concur.