140 So.2d 829

**Joseph Emile HERPIN et al.**

**v.**

**Eben E. NELSON.**

**I Div. 910.**

Supreme Court of Alabama.

March 29, 1962.

Rehearing Denied May 17, 1962.

**408**

Winston F. Groom, Mobile, for appellants.

Maurice A. Downing, Mobile, for appellee.

SIMPSON, Justice.

This is an appeal from a decree of the Circuit Court, in Equity, of Mobile County in a declaratory judgment proceeding wherein the appellants (complainants below) were found to be indebted to the appellee (respondent below) for the rent of a certain piece of property in Mobile, Alabama, leased to appellants by appellee.

Appellants filed the bill to construe the lease and determine their liability thereunder and demanded a jury to determine the disputed issues of fact. Code 1940, Title 7, § 164. Zayatz v. Southern Railway Co., 248 Ala. 137, 26 So.2d 545, 167 A.L.R. 426.

Appellee countered with answer and cross-bill claiming in effect that appellants had surrendered the property to him because of their inability to pay the rent, that the covenants of the lease had been breached, and that there was a certain balance due under the lease which was due and unpaid by appellants. Certain disputed issues of fact with reference to this were submitted to the jury which returned a verdict favorable to appellee, whereupon the court rendered a decree declaring that appellants were indebted to appellee in the amount of $6,783.95 due under the lease. Hence this appeal.

Briefly, the facts are that appellants leased the piece of property, to wit: Stores 5, 6, and 7 of the Midway Shopping Center, from appellee for a stipulated rental, to be operated by the appellants as a restaurant and lounge. The appellants operated the business from May 1, 1958 until November 11, 1958, when one of the appellants notified the appellee that they were unable to continue the business because they were losing money and bills were piling up and they could not keep the restaurant open any longer. (There was a stipulation in the lease that the restaurant and lounge should be kept open during certain hours of each day. This provision of the lease was also breached.) One of the appellants turned the keys over to appellee and appellee agreed to rent the lounge to his son and to deduct the amount of rental his son would pay from the balance due of rentals under the lease. This the appellee did in a statement submitted in evidence. The evidence goes to show, rather convincingly, that after appellants notified appellee that they were losing money and had to vacate the premises it was agreed by all parties that appellant's son, George "Buddy" Nelson, would rent one-fourth of the premises (and later increased to one-half); that all moneys received as rent for said premises after default by the appellants would be credited toward the payment of the balance due under the lease.

There were certain covenants in the lease encumbent on appellants to perform such as keeping the property open for business at specified hours, paying the rent promptly,

etc. The pertinent breach clauses were as follows:

"Upon the happening of any one or more of the events as expressed below in (a) to (h) inclusive (which said events shall separately and severally constitute a default hereunder at Lessor's option), the Lessor shall have the right at the option of the Lessor to: (1), annul and terminate this lease, and thereupon re-enter and take possession of said premises; or (2), re-enter and re-let said premises from time to time, as agents of the Lessee, and such re-entry and/or re-letting shall not discharge the Lessee from any liability or obligations hereunder, except that net rents (that is, gross rents less the expense of collecting and handling, and less commissions) collected as a result of such re-letting shall be a credit on the Lessee's liability for rents under the terms of this lease. Nothing herein, however, shall be construed to require the Lessor to re-enter and re-let in such event. Nor shall anything herein be construed to postpone the right of the Lessor to sue for rents, whether matured by acceleration or otherwise, but on the contrary the Lessor is hereby given the right to demand, collect, and/or sue therefor at any time after default. * * *

"(g) In the event the Lessee, before the expiration of said term, without the written consent of the Lessor, vacates said premises or abandons the possession thereof, or uses the same for purposes other than the purposes for which the same are hereby let, or ceases to use said premises for the purposes herein specified.

"(h) In the event the Lessee violates any of the other terms, conditions or covenants on the part of the Lessee herein contained. * * *

"Upon default, or upon the termination of this lease or re-entry upon said premises for any one or more of the causes set forth above, or upon any termination of this lease or re-entry of said premises, the rents hereunder for the entire rental period and other indebtedness, if any, payable under provisions hereof shall be and become immediately due and payable and without regard whether or not possession of the premises shall have been surrendered to or taken by the Lessor."

The main assignments of error are subsumed under the argument that the covenants of the lease were not breached when the appellee took possession of the premises and that, therefore, the appellants were not liable for the balance due under the lease. Appellants cite such cases as Joiner v. Brightwell, 252 Ala. 112, 39 So.2d 414. On a careful study of these authorities it is made manifest they are not here governing. Those decisions generally were rested upon an eviction of the tenant by the landlord and the taking of a portion of or all of the rented premises, in which event the tenant is held to be absolved from paying the balance of the rent.

No such factual situation is presented in the instant case. Here no eviction of the tenant took place but the tenant voluntarily surrendered possession of the premises with the understanding and agreement with appellee that appellee should rent a portion to his son and credit that rent on the amount appellants would owe under the lease—or at least the jury had the right to so infer from the proven facts and circumstances submitted to them under the careful oral charge of the court.

The situation here is more analagous to that prevailing in Wolffe v. Wolff & Bro., 69 Ala. 549. The principle is thus correctly epitomized in the 4th headnote, as follows:

"* * * the fact that after the tenant had abandoned the possession of the leased premises, a party, who was the agent of the landlord, rented the premises to another for a part of the unexpired term, put him in possession

and collected the rents, not for and on account of the landlord, but 'on account of whom it might concern', does not affect the original tenant's liability, when it is shown that such arrangement was made with the consent of both parties, and with the express understanding that it was to be without prejudice to the rights of either of them."

It, therefore, seems quite clear that these assignments of error are not well taken.

Other assignments of error challenge the action of the trial court in submitting to the jury certain so-called "propositions" to be decided by them. These "propositions" were in the nature of charges to the jury and nowhere in the record does there appear any objections or exceptions of the appellants to such charges. Moreover, we think the propositions all presented to the jury issues of fact to be determined by them and that no error intervened in submitting them to the jury.

Appellants also argue that appellee was without authority to take possession of the property and accelerate the payments of the monthly rentals according to provisions of the lease because of his failure to give written notice to the appellants for them to vacate and his intention to reenter the premises. Without undertaking any detailed interpretation of that provision of the lease, the contention is answered by the fact that appellants waived the written notice provision of the lease by voluntarily surrendering to him the keys to the building and agreeing that George "Buddy" Nelson would take over a portion of the property and pay a portion of the rent which would be credited against the balance which the appellants would owe.

It results as our conclusion from the foregoing that appellants have failed to show error.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.