■ Winston Churchill Owners Corp., Appellant, v Churchill Operating Corp., Respondent. [597 NYS2d 62] —Order, Appellate Term, First Department (Parness, J. P., and Miller, J., concurring; McCooe, J., dissenting), entered March 26, 1992, which, upon reargument, adhered to an order of the same court entered January 7, 1991, which reversed an order and judgment of the Civil Court, Bronx County (Chin-Brandt, J.), entered January 9, 1990 and dismissed the petition in this summary non-payment proceeding, unanimously reversed, on the law and the facts, to reverse the January 7, 1991 order and reinstate the order and judgment of the Civil Court, without costs.

We find that, as noted in Justice McCooe's dissent at the Appellate Term, since the lease between the parties specifically authorizes the landlord to enter the premises to make repairs and specifically precludes a rent abatement based upon such entry, and since there was no showing that the entry in this case was for reasons other than to make repairs, Civil Court's finding that the entry did not constitute a partial eviction should have been sustained *(Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 82; *Bijan Designer for*

*Men v St. Regis Sheraton Corp.,* 142 Misc 2d 175, *affd* 150 AD2d 244; *Ernst v Straus,* 114 App Div 19). The record reveals no basis to disturb the finding of Civil Court that the time during which the repairs were effected was not unreasonable. In any case, the repairs having been authorized by tenant, any subsequent unreasonableness as to the time in which they were effected, assuming such had been proven, could not negate the authorization contained in the lease and retroactively transform the entry into a partial eviction.

We note, however that the determination that there has been no partial eviction is not dispositive of the action, pending in Supreme Court, seeking compensatory damages for the alleged breach of the lease. Concur—Carro, J. P., Ellerin, Wallach, Kassal and Rubin, JJ.