■ RICHARD JACKSON et al., Appellants, v WESTMINSTER HOUSE OWNERS INC. et al., Respondents. [806 NYS2d 495]—

Judgment, Supreme Court, New York County (Kibbie F. Payne, J.), entered May 18, 2005, after a nonjury trial, dismissing the complaint and granting defendants' counterclaim for attorneys' fees, unanimously affirmed, with costs.

To make out a prima facie case of breach of the covenant of quiet enjoyment, a tenant must establish that the landlord's conduct substantially and materially deprived the tenant of the beneficial use and enjoyment of the premises (see *Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82-83 [1970]). There must be an actual ouster, either total or partial, or if the eviction is constructive, there must have been an abandonment of the premises by the tenant (*id.*). Plaintiffs did not abandon the premises, and are claiming only to have been "evicted" from the terrace area, due to exterior renovations on the cooperative residential building where they resided. But alterations to leased premises, made with the consent of the tenant, do not amount to an eviction, no matter how extensive or the degree of interference with the tenant's occupancy (see *Two Rector St. Corp. v Bein,* 226 App Div 73 [1929]). Here, the entry for making repairs was made pursuant to a right reserved in the proprietary lease, to which the tenants, by signing the lease, consented (see *Winston Churchill Owners Corp. v Churchill Operating Corp.,* 193 AD2d 396 [1993]).

Plaintiffs' claims seeking to hold defendants accountable for negligence on the part of their independent contractor were also properly dismissed since the proof failed to demonstrate a sufficiently high level of control by defendants over the work of the contractor to support the imposition of such liability (see *Laecca v New York Univ.,* 7 AD3d 415 [2004], *lv denied* 3 NY3d 608 [2004]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Marlow, Williams, Gonzalez and Malone, JJ.