Fieldstone Capital Inc., Petitioner-Landlord-Appellant, 
against
Ryan & Conlon, LLP, Respondent-Tenant-Respondent, and XYZ Corp., Respondent-Undertenant.



Landlord appeals from (1) a final judgment of the Civil Court of the City of New York, New York County (Joan M. Kenney, J.), entered on or about September 27, 2018, after a nonjury trial, which dismissed the petition in a nonpayment summary proceeding, directed landlord to credit tenant's account with an 80% abatement of rent, additional rent and other charges from June 23, 2016 through January 15, 2017, granted tenant's claim for attorneys' fees as the prevailing party and set this matter down for a hearing to determine the reasonable attorneys' fees due tenant, and (2) an order (same court and Judge), dated November 14, 2018, which denied landlord's motion for a stay of enforcement of the aforesaid final judgment.




Per Curiam.
Final judgment (Joan M. Kenney, J.), entered on or about September 27, 2018, reversed, with $30 costs, petition reinstated, final judgment directed in favor of landlord awarding it possession and rent arrears in the principal sum of $58,491.17, landlord's claim for attorneys' fees granted and the matter remanded to Civil Court for a hearing to determine the reasonable value of attorneys' fees due landlord. Appeal from order (same court and Judge), dated November 14, 2018, dismissed, without costs, as academic.
Paragraph 4 of the governing commercial lease agreement authorized landlord to make "repairs, alterations, additions or improvements" in or to any portion of the building or demised premises, with "no allowance to Tenant for diminution of rental value and no liability on the part of Owner by reason of inconvenience, annoyance or injury to business" arising from these acts. This provision also provided that tenant is not entitled to "any setoff or reduction of rent" due to landlord's failure to comply with any covenant of the lease, and that tenant's "sole remedy" at law is an action for breach of contract. Paragraph 20 similarly provided that landlord is permitted to make changes to "corridors ... toilets or other public parts of the building" without the same [*2]"constituting an eviction and without incurring liability to tenant" for "inconveniences, annoyance or injury to business." 
Giving proper effect to the clear terms of the commercial lease, an arm's length agreement entered into by sophisticated parties, tenant's claim of a partial actual or constructive eviction as a result of landlord's renovation work outside of tenant's 7th floor law offices, should have been rejected. "To be an eviction, constructive or actual, there must be a wrongful act by the landlord" (Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 82 [1970]). Landlord's renovation work was not wrongful because it was authorized by the lease (see Carlyle, LLC v. Beekman Garage LLC, 133 AD3d 510 [2015]; Winston Churchill Owners Corp. v Churchill Operating Corp., 193 AD2d 396 [1993]; Bijan Designer for Men v St. Regis Sheraton Corp., 142 Misc 2d 175 [Sup Ct, NY County 1989], affd 150 AD2d 244 [1989]). Alterations to leased premises, made with the consent of the tenant, do not amount to an eviction, no matter how extensive or the degree of interference with the tenant's occupancy (see Jackson v Westminister House Owners Inc., 24 AD3d 249 [2005], lv denied 7 NY3d 704 [2006]). 
Aside from the lease's exculpatory provisions, tenant failed to establish that landlord's acts amounted to a partial actual or constructive eviction. Tenant did not abandon the demised law office premises, or a portion thereof, due to the renovation work which occurred in the common hallways, corridors and hallway bathrooms on the seventh floor where tenant's office is located, so as to constitute a partial constructive eviction (see Two Rector St. Corp. v Bein, 226 App Div 73 [1929]; cf. Minjak Co. v Randolph, 140 AD2d 245, 248-249 [1988]). Nor did tenant establish that landlord physically excluded or expelled tenant from the premises, or a portion thereof, for purposes of partial actual eviction (see Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d at 82).
Accordingly, upon our review of the facts (see CPLR 5501[d]; Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]), we reverse the determination of Civil Court and grant landlord's nonpayment petition as indicated. Since landlord is the prevailing party in this litigation, it is entitled to recover reasonable attorneys' fees pursuant to paragraph 19 of the parties' lease. We remand for an assessment on that issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 26, 2019