River Park Assoc. (1972) L.P. v Richman Plaza Garage Corp. (2019 NY Slip Op 08614)





River Park Assoc. (1972) L.P. v Richman Plaza Garage Corp.


2019 NY Slip Op 08614


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Acosta, P.J., Renwick, Mazzarelli, Kapnick, JJ.


10491 305004/10

[*1] River Park Associates (1972) L.P., Plaintiff-Appellant,
v
Richman Plaza Garage Corp., Defendant-Respondent.


Westermann Sheehy Keenan Samaan & Aydelott, LLP, East Meadow (Michael J. Rosenthal of counsel), for appellant.
Joseph A. Altman, P.C., Bronx (Joseph A. Altman of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris Gonzalez, J.), entered on or about January 23, 2018, which denied plaintiff's motion for summary judgment on liability on its rent arrears claim, for dismissal of defendant's counterclaims and affirmative defenses, and to preclude defendant from presenting evidence in support of its counterclaims and affirmative defenses based on the failure to comply with discovery, unanimously modified, on the law, to grant the summary judgment motion, dismiss the affirmative defenses and the fourth counterclaim, and otherwise affirmed, without costs.
Defendant failed to present any evidence disputing the rent arrears claimed by plaintiff. Although the correspondence submitted by plaintiff in support of its motion and the stipulation settling the prior rent arrears action indicated that plaintiff may have had some responsibility for repairs to the garage, paragraph 4 of the lease expressly provided that plaintiff's failure to make repairs could not be used as a set off for rent arrears. Moreover, defendant did not contend that plaintiff failed to provide requested discovery concerning the arrears or that the outstanding depositions would provide evidence refuting the existence of the arrears or of the amount claimed by plaintiff. Information as to the existence and amount of the arrears was not within plaintiff's exclusive knowledge and defendant provided no evidence that it had requested discovery on this issue. In order to avail oneself of CPLR 3212(f) to defeat or delay summary judgment, "a party must demonstrate that the needed proof is within the exclusive knowledge of the moving party, that the claims in opposition are supported by something other than mere hope or conjecture, and that the party has made at least some attempt to discover facts at variance with the moving party's proof" (Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557 [1st Dept 2007] [internal citations omitted]).
The first counterclaim alleged a breach of the covenant of good faith and fair dealing based on plaintiff's failure to act promptly in seeking DHCR approval of the proposed rent increase, and in preventing defendant from taking action to increase the rent prior to such approval. Documents provided by plaintiff in support of its motion raise issues of fact as to whether the delay in seeking DHCR approval was due to defendant's failure to provide documentation to support the application or resulted from plaintiff's inaction.
There are also issues of fact as to the second counterclaim, for breach of contract based on plaintiff's failure to make repairs to the garage. The stipulation signed by plaintiff in connection with the settlement of the prior rent arrears action provided that plaintiff would make numerous repairs. Plaintiff failed to submit evidence that conclusively established that it made the repairs or was not required to do so.
The third counterclaim, for breach of the covenant of quiet enjoyment, required a showing that plaintiff's conduct substantially and materially deprived defendant of the beneficial use and enjoyment of the premises or that defendant was actually evicted or abandoned the premises. There must be an actual ouster, whether total or partial, or if constructive, the tenant [*2]must have actually abandoned the premises (Jackson v Westminister House Owners Inc., 24 AD3d 249, 250 [1st Dept 2005], lv denied 7 NY3d 704 [2006]).
There were triable issues of fact as to whether plaintiff's failure to make cited repairs breached its duty of quiet enjoyment in that defendant alleged that it was unable to rent a portion of the garage due to water leaks that plaintiff failed to remedy.
However, plaintiff demonstrated that there are no triable issues of fact concerning the fourth counterclaim, for tortious interference with contract. The leaflets and notices plaintiff sent to building residents accurately stated that defendant was not permitted to raise the rent on the garage space without approval of DHCR, and that such approval had not yet been obtained. Defendant failed to present evidence supporting its claim that it was entitled to increase the rent absent that approval.
Deference is accorded to the motion court's discretionary determinations regarding disclosure (see Allen v Cromwell-Collier Publ. Co., 21 NY2d 403, 405 [1968]). The court did not improvidently exercise its discretion in declining to sanction defendant's failure to produce additional records in that the outstanding depositions would reveal whether additional responsive material existed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK