**Williams Real Props. Corp. v Music & Mentoring House, Inc.**

2025 NY Slip Op 31545(U)

April 29, 2025

Supreme Court, New York County

Docket Number: Index No. 654702/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**                          PART                    11M

*Justice*

---------------------------------------------------------------------X

WILLIAMS REAL PROPERTIES CORP.,

                                    Plaintiff,

                    - v -

MUSIC AND MENTORING HOUSE, INC.,LAUREN
FLANIGAN, ANDREW MARTIN-WEBER

                                    Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654702/2023 |
| MOTION DATE | 10/08/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 41, 42, 43, 45, 46

were read on this motion to/for                    SUMMARY JUDGMENT(AFTER JOINDER          .

Upon the foregoing documents, plaintiff's motion is granted in part and denied in part,

and defendants' cross-motion is denied.

## Background

In August of 2022, Music & Mentoring House INC. and Lauren Flanigan (collectively,

the "Tenants") entered into a year-long lease (the "Lease") with Williams Real Properties Corp.

("Plaintiff") for the premises located at 421 Convent Avenue, New York, New York. Connected

with the Lease, Andrew Martin-Weber (collectively with the Tenants the "Defendants") signed a

guaranty agreement (the "Guaranty"), whereby he absolutely guaranteed the Tenant's

performance under the Lease. Plaintiff claims that the Tenants failed to pay the full rent due from

February 2023 through November 2023. They brought suit against the Defendants in September

of 2023, pleading three causes of action for breach of the lease, breach of the guaranty, and

attorneys' fees. Defendants answered in January of 2024, pleading three counterclaims for

breach of the duty of good faith and fair dealing, breach of the lease, and fraudulent inducement.

**654702/2023   WILLIAMS REAL PROPERTIES CORP. vs. MUSIC AND MENTORING HOUSE, INC. ET AL**
**Motion No.  001**

**Page 1 of 6**

1 of 6

[* 1]

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 [2016]. The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

**Discussion**

Plaintiff brings the present motion for summary judgment in their favor on the complaint, and to dismiss the Defendants counter-claims. They also seek to amend the complaint to conform with the evidence presented, in order to correct a typographical error and to add the allegedly unpaid rent for the months subsequent to the filing of the complaint. Defendants oppose, and cross-move for sanctions for frivolous motion practice. As an initial matter, the Court declines to grant the cross-motion for sanctions, and grants leave to amend the complaint. As for the motion for summary judgment and dismissal, for the reasons that follow, plaintiff's motion is granted as to the dismissal of the claim for breach of the duty of good faith and fair dealing and denied as to the rest.

*Questions of Material Fact for the Breach of Contract Claim*

Plaintiff argues that they are entitled to summary judgment on the breach of contract claim because Tenants did not pay rent in violation of the Lease. They have provided a copy of

**654702/2023   WILLIAMS REAL PROPERTIES CORP. vs. MUSIC AND MENTORING HOUSE, INC. ET AL**
**Motion No.  001**

**Page 2 of 6**

2 of 6

[* 2]

the Lease and a sworn affidavit from Plaintiff's president stating that Tenants failed to pay the full rent for the months of February through November 2023 and denying Defendant's allegations that Plaintiff agreed to forgive rent for some or all of the months in question. Defendant has submitted a sworn affidavit from their real estate broker stating that "[t]he landlord expressly told me personally that it would waive rent for a number of defects in the Premises." These competing affidavits, going directly the heart of the breach of contract claim, require that the summary judgment motion on this cause of action be denied. *See, e.g., Grullon v. City of New York*, 297 A.D.2d 261, 269 [1st Dept. 2002] (holding that "an evaluation of competing evidence falls within the province of the finder of fact at trial but is beyond that of the IAS court on a summary judgment motion"). Because here there is at least one question of material fact that precludes granting summary judgment on the first cause of action, and because Plaintiff's remaining causes of action for breach of guaranty and attorneys' fees necessarily rely on a breach of the lease, Plaintiff's motion for summary judgment must be denied at this time.

*Plaintiff Fails to Meet Their Burden on the Motion to Dismiss the Fraudulent Inducement Counterclaim*

Plaintiff has also moved to dismiss the Defendants counterclaims pursuant to CPLR § 3211. They argue that the fraudulent inducement counterclaim must be dismissed for failing to plead the claim with particularity, and that it is barred by the as-is provision in the Lease. A claim for fraudulent inducement must "allege specific facts with respect to the time, place, or manner in which [defendants] made the purported misrepresentations." *Riverbay Corp. v. Thyssenkrupp N. El. Corp.*, 116 A.D.3d 487, 488 [1st Dept. 2014]. Here, Defendants' counterclaim lists specific misrepresentations that Plaintiff is alleged to have made regarding the condition of the property, some of which include the specific date on which the representation

**654702/2023  WILLIAMS REAL PROPERTIES CORP. vs. MUSIC AND MENTORING HOUSE, INC. ET AL**
**Motion No.  001**

**Page 3 of 6**

3 of 6

[* 3]

was made. This is sufficient to satisfy the particularity requirement. For the as-is clause, under the special facts doctrine, merger and as-is provisions do not bar claims sounding in fraud "when the underlying facts are peculiarly within the defendant's knowledge." *470 4th Ave. Fee Owner, LLC v. Adam Am. LLC*, 205 A.D.3d 512, 512 [1st Dept. 2022]. Here, one of the alleged misrepresentations involved the results of a professional inspection by an engineer as to the building's habitability and safety. Such an inspection, and any results from it, are peculiarly within the defendant's knowledge at this time, as discovery has not been conducted yet. Therefore, dismissal of this counterclaim because the as-is provision would be premature.

Plaintiff also moves to dismiss the fraudulent inducement counterclaim on the grounds that Defendant cannot establish justifiable reliance and damages. But this argument is made solely as regards the alleged misrepresentation as to when the premises would be available. Defendant have alleged a plethora of misrepresentations, that they relied on such representations in entering into the Lease, and that they suffered damages as a result, including in the form of being unable to use the premises for its intended purpose due to the property's conditions. Plaintiff has not met their burden on a motion to dismiss for the fraudulent inducement claim.

### *Plaintiff Fails to Meet Their Burden on the Breach of Contract Counterclaim*

Plaintiff moves to dismiss the counterclaim for breach of contract on the grounds that it fails to state a claim. More specifically, Plaintiff is arguing that none of the alleged breaches constitute a breach of the Lease. It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 [2d Dept. 2003].

**654702/2023   WILLIAMS REAL PROPERTIES CORP. vs. MUSIC AND MENTORING HOUSE, INC.        Page 4 of 6**
**ET AL**
**Motion No.  001**

4 of 6

While Defendants do not identify which provisions of the Lease that the alleged breaches are supposed to have violated, the Lease contains an explicit quiet enjoyment provision. To plead a claim for breach of quiet enjoyment, a "tenant must establish that the landlord's conduct substantially and materially deprived the tenant of the beneficial use and enjoyment of the premises" to the extent of a total or partial ouster. *Jackson v. Westminster House Owners Inc.*, 24 A.D.3d 249, 250 [1st Dept. 2005]. Here, Defendants have alleged that Plaintiff left "the premises so full of Mr. Williams' personal possessions Tenants could not move into the premises and fully unpack for six months" into the Lease term. This would be sufficient allegations to plead a claim of breach of the Lease's quiet enjoyment provision and to survive a motion to dismiss.

### *The Breach of the Duty of Good Faith and Fair Dealing Claim is Duplicative*

Plaintiff moves to dismiss the claim for breach of the duty of good faith and fair dealing on the grounds that it is duplicative of the breach of contract claim. By the terms of the counterclaim, the same actions that Defendants allege as the basis for their fraudulent inducement and breach of contract claims are the basis for this claim. When a claim for the breach of the duty of good faith and fair dealing arises from the same operative facts and seeks the same damages as a claim for breach of contract, it is duplicative and should be dismissed. *NYAHSA Servs., Inc., Self-Ins. Trust v. Recco Home Care Servs., Inc.*, 141 A.D.3d 792, 794 [1st Dept. 2016]. Accordingly, it is hereby

ADJUDGED that plaintiff's motion to amend the complaint is granted; and it is further

ORDERED and ADJUDGED that plaintiff's motion to dismiss the counterclaims is granted as to the third counterclaim but denied as to the rest; and it is further

ADJUDGED that the plaintiff's motion for summary judgment is denied; and it is further

ADJUDGED that defendants' cross-motion for sanctions is denied.

**654702/2023   WILLIAMS REAL PROPERTIES CORP. vs. MUSIC AND MENTORING HOUSE, INC.        Page 5 of 6**
**ET AL**
**Motion No.  001**

5 of 6

20250429151853LFRANKA43477DC24D1452A8186265DC80B7819

| 4/29/2025 | | | | |
| --- | --- | --- | --- | --- |
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**654702/2023   WILLIAMS REAL PROPERTIES CORP. vs. MUSIC AND MENTORING HOUSE, INC.          Page 6 of 6
ET AL
Motion No.  001**