WILLIAM A. WILLARD, Respondent, v. EVELINA M. BUNTING, Executrix, &c., Appellant.

A consent by a tenant to an act of the landlord, which would otherwise be tortious, if coupled with a proviso which the landlord disregards, is unavailing as a defense in an action for the wrong.

THE appeal is from the affirmance, in the New York Common Pleas, of a judgment entered upon the verdict of the jury in favor of the plaintiff for $5,197.92, on the trial before Judge BRADY.

The complaint was inartificially drawn; but its defects were supplied by the answer, the proof, and the verdict.

The original plaintiff was the lessee of a store in the city of New York, of which John A. Bunting was the proprietor. Bunting contracted with the owner of the adjoining store for the right to take down part. of the partition wall. The plaintiff gave a qualified consent, coupled with a provision for the protection of his property in the store from exposure and injury, by a suitable and temporary interior partition.

The principal issues litigated on the trial were, the insuffi-. ciency of the partition, and the injury resulting to the plaintiff.

Various exceptions were taken, on which the parties were respectively heard at the General Term. No points have been submitted to the court on the part of the appellant, and no counsel appeared for him on the argument.

*Everett P. Wheeler*, for the respondent.

·PORTER, J. On examining the printed case, we find no cause for reversal. In support of the verdict and judgment, the complaint must be deemed. amended in conformity with the facts proved. There was no error to the prejudice of the defendant in the interlocutory rulings, during the progress of the trial. The jury were authorized to find, from the evidence, that the plaintiff consented *only* to the removal of the wall below the third story of the building. They were also at liberty to find that the consent was coupled with the

proviso, that the wall should not be removed, until the goods in the store were protected from damage and exposure by an adequate inner partition. The appellant relied on the alleged consent to defeat a recovery. The judge was right in refusing to charge in accordance with his request. If the consent was provisional, or if it was limited to the removal of the wall of the two lower stories, it was not a bar to the action. No exceptions were taken to the charge, as delivered by the judge to the jury.

The judgment should be affirmed.

All the judges concurring, except WRIGHT, J., who was absent,

Judgment affirmed.