Jacob J. Schwabtzwald, J.
Plaintiff seeks a temporary injunction restraining and enjoining the defendants from entering upon and/or occupying plaintiff’s apartment and from causing or permitting any work, damage or destruction to be done in and about said apartment and for an order directing the defendants to restore the apartment so that the same may be occupied by plaintiff without danger to plaintiff’s health and safety.
Under a lease dated May 18, 1955 plaintiff occupies a five-room apartment on the ninth floor of premises located at 97 Columbia Heights, Brooklyn, New York, known as the Hotel Margaret. Plaintiff asserts that the defendants entered her apartment in violation of the terms and provisions of such lease and caused damage and destruction therein. Plaintiff alleges further that on January 26, 1957, while she was absent from her apartment, defendants and their agents broke into the apartment and chiselled a large hole in the dining-room area of the living room, caused dust and plaster to be strewn over plaintiff’s furniture and personal belongings and caused plaintiff’s furniture and furnishings to be broken; that on the follow *841 ing day the defendants and their employees again broke into the apartment and smashed one of the walls in the living room and later in the day removed the fixtures from the living room and kitchen and caused the electric service to be disconnected; and that on the 29th day of January, 1957 the defendants and their agents again broke into the plaintiff’s apartment and further damaged the wall as well as the ceiling in other parts of plaintiff’s apartment.
In opposition to plaintiff’s application, the defendants contend that they had the right under the terms and conditions of the lease between the parties to enter plaintiff’s apartment, and that the plaintiff’s refusal to permit the landlord to enter the said premises was a wrongful act on the part of the plaintiff. Defendants allege further that plans were filed with the department of housing and buildings for an improvement, repair and alteration to these hotel premises consisting of 150 separate apartments in September, 1956 at an estimated cost of $100,000 and that as part of these plans it was provided that various pipes, plumbing lines and vent lines would be drawn through these rooms from the basement to the roof. Defendants allege that it was proposed that the pipes, plumbing lines and vent lines would be run through the wall of the dining-room area of plaintiff’s apartment which had a hollow area therein between the outside wall and the wall of the dinette room in plaintiff’s apartment. Defendants state that they advised plaintiff repeatedly to this effect and that they would cause her as little annoyance and inconvenience as possible if the plaintiff would permit them to enter her apartment for the purpose of making these alterations, and that the plaintiff steadfastly refused to permit such repairs and alterations to be made. Defendants aver further that they offered plaintiff other accommodations in the hotel during the period of the alteration but that plaintiff refused to accept such offer. In this connection it is to be noted that the plaintiff alleges that she removed from her apartment on January 30, 1957 and that she has been staying temporarily at the Towers Hotel. Apparently, all that remains to be done in connection with the alterations in plaintiff’s apartment is to paint the wall and eeiling and to fix the floor in the dinette room. It is alleged by the defendants that this work all told would take about another two days to complete and another two days for the walls to dry.
Here, the lease executed by the parties expressly reserved to the landlord the right at any time during the term of the lease to make such repairs, alterations or additions as it “may consider necessary or desirable.”
*842 The lease provides: ‘ ‘ The landlord shall be permitted to enter the apartment during reasonable hours to make such repairs, decorations, improvements, alterations or additions as the landlord may consider necessary or desirable * * * If the tenant shall not be personally present to open and permit an entry into the apartment, at any time, when for any reason an entry therein shall be in the judgment of the landlord or the landlord’s agents necessary or permissible hereunder the landlord or the landlord’s agents may enter the same by pass key or may forcibly enter the same without incurring any liability or responsibility whatsoever for such entry or for the care of the apartment or the property of the tenant therein.”
In view of the foregoing provisions of the lease there does not appear to have been any wrongful invasion of the plaintiff’s rights which were expressly created by the terms of the lease.
As was stated in Ernst v. Straus (114 App. Div. 19, 21): ‘ ‘ Alterations and improvements to leased premises, made with the consent of the tenant, do not amount to an eviction, no matter how extensive they may be nor how much they may interfere with the occupancy of the tenant. (Olson v. Schevlovitz, 91 App. Div. 405.) Here, the entry for the purpose of making the repairs and alterations was made pursuant to a right reserved in the lease and to which the tenant, by his agreement, consented. Such an entry did not constitute an eviction (Turner v. McCarthy, 4 E. D. Smith, 247) and this irrespective of whether the tenant objected to the re-entry or not, because if he did object it was in violation of his agreement.” To the same effect see Two Rector St. Corp. v. Bein (226 App. Div 73).
It is well-settled law that an injunction will not issue unless plaintiff establishes a clear legal right thereto upon the undisputed facts (Voorhees & Hobart v. Hobart, 251 App. Div. 111).
In the case at bar plaintiff has failed to establish such a clear legal right and in the circumstances the court does not feel justified in granting relief to plaintiff by way of a temporary injunction. Moreover, plaintiff will suffer but slight further inconvenience by reason of the completion of the repairs and alterations, and the observation made by the court in Gerken v. Hall (65 App. Div. 16) is pertinent. There the court said, at page 18: “It would be establishing a dangerous precedent to grant an injunction in every case where, as here, the possible rights and privileges of a tenant are temporarily but not unnecessarily interfered with by proposed alterations and improvements to the landlord’s building, even though the tenant *843 may suffer some damage thereby. To hold otherwise would seriously affect future building operations and timely and necessary improvements of buildings.”
Plaintiff’s motion for a temporary injunction is, accordingly, denied.