Maurice Wahl, J.
In the two above-captioned proceedings it was stipulated that they may be tried together and a separate determination may be entered thereon.
The landlords herein, husband and wife, became the owners and residents of the property at 43 Morton Street, Borough of Manhattan, in December, 1961.
The building contains four small apartments, two of which are occupied by the tenants herein, who appear in person. They are statutory tenants, whose leases with a prior owner of the premises have expired, but which leases’ terms, except as modified by the rent control laws, survived their respective expiration dates. Both leases contained similar covenants by which the tenants bound themselves to conform to the rules and regulations governing the building.
The prior owner of the building and her managing agent did not possess keys to the tenants’ apartments and the new landlords, subsequent to their moving into the building, requested that the tenants deliver duplicate keys to their respective apartments to them.
The tenants refused to comply with these requests, claiming that the prior landlord never had a key and further that they each have suffered losses because of unlawful entry on the part of strangers; and because of these episodes they have each installed a new lock and refuse to deliver a duplicate or passkey to the landlords herein for fear that they may again be burglarized. In June, 1962, the landlords, acting pursuant to the aforementioned covenants of the tenants’ leases, promulgated an addendum to the rules and regulations governing the building requiring the tenants to deliver duplicate keys to their apartments to the landlords. The tenants refused to conform to the regulation.
The landlords seek a final order evicting the tenants for their failure to furnish them with a duplicate key to the demised premises; and presumably desire such duplicate key as a passkey for use of a right of entry in emergencies. Concededly the expired leases contain no reservation of a right of entry by *308 the landlords such as was reserved in Koltz v. 97 Columbia Heights Realty Corp. (6 Misc 2d 840). Hence the tenants have no obligation under the leases to deliver a key to the landlords.
The expired leases allegedly contain various rules and regulations, and the landlords contend that they now have the right to promulgate a rule, i.e., requiring a passkey or duplicate key to the premises occupied by the tenants. In the landlords’ brief, they concede that now for the first time this “ key ” rule has been promulgated. The difficulty with this position is that there is no evidence before the court that the landlords reserved any such power to promulgate any such new or additional rule. Indeed, the various forms of current leases not involved herein and exhibited by the landlords to the court, while containing the “ key ” rule, do not contain any reservation of power to amend, alter or otherwise change the rules and regulations.
There is a dearth of authority on this subject. Sections 492 and 649 of the New York City Charter vest a right of entry for inspective purposes to both the Fire Department and the Department of Housing and Buildings; and for refusal to permit such entry, fine or imprisonment, or both, may be imposed upon the guilty party. Section D26-3.6 of the Administrative Code of the City of New York is the only statute which the court has been able to find dealing with the right of a landlord to enter a tenant’s apartment. The section reads: “ Owner’s right to access.— It shall be unlawful for any tenant of any apartment, suite of rooms or single-room unit in any multiple dwelling, or of any portion of such apartment or suite, to refuse to permit the owner of such dwelling or any authorized agent or employee of such owner to enter such apartment, suite or unit, or portion of such apartment or suite, in order to make necessary repairs, or to make improvements required by law (regardless of whether such improvements are required to be present in such premises at the time when access is sought, or at a future time), or to make inspections therein for the purpose of determining whether such apartment, suite or unit, or portion thereof, and the occupancy thereof, are in compliance with the provisions of the multiple dwelling law and this title. The right of entry hereby provided for shall be exercised at such reasonable times and subject to .such reasonable restrictions for the protection of tenants as shall be prescribed in regulations promulgated by the department.” (This section is effective January 7, 1956.)
Pursuant to the foregoing the Department of Buildings has enunciated rules for access to apartments or rooms in multiple dwellings.
*309 “ Bules
“ Bule 1. Owners to give notice. — Where an owner seeks access to an apartment, suite of rooms or to a room, under the provisions of section D26-3.6, in order to make inspection therein for the purpose of determining’ whether such places are in compliance with the provisions of the multiple dwelling law and administrative code, he shall notify the tenants that he will seek access to the apartment, suite of rooms, or rooms, not less than twenty-four hours in advance of such time. Where an owner, contractor or agent of the owner seeks access to make improvements required by law or to make repairs, notice shall be given to the tenant not less than one week in advance of the time when the improvements or repairs are to be started. However, where repairs are urgently needed in emergencies to prevent damage to property or to prevent injury to persons, such as repairs of leaking gas piping or appliances, leaking water piping, stopped-up or defective drains or leaking roofs, broken and dangerous ceiling conditions, no advance notice shall be required from the owner, agent, contractor or workman.
“Buie 2. Notices to be in writing. — Wdiere an owner is required to give notice in advance of seeking access to an apartment * * # as required by rule 1, such notice shall be in writing and shall contain a statement of the nature of the improvements or repairs to be made.
“ Buie 3. Authorization to be in writing. — Where an authorized agent or employee of an owner' seeks access to an apartment * * * the authorization of the owner shall be in writing and the agent or employee shall exhibit such authorization to the tenant when access is requested.
“Buie 4. Hours when access to be permitted. — Except in emergencies, access to an apartment * * * shall be limited to the hours between nine ante-meridiem and five post-meridiem. Access shall not be required on Saturdays, Sundays or legal holidays except in emergencies.”
For the tenant who refuses access after the owner’s compliance with the rules, two other remedies available to the owner may induce the tenant to permit the necessary inspection or repair of the apartment. The owner could apply to the local Magistrate’s or Criminal Court for a summons based on the tenant’s violation of the Administrative Code; or he could serve notice on the tenant of an intention to start a summary proceeding for eviction under subdivision 6 of section 52 of the State Bent and Eviction Begulations.
Generally, in the absence of a reservation in the lease or letting, a tenant has the sole and exclusive right to the occupation *310 and control of the demised premises during the term, and the landlord has no authority to enter during the term, or otherwise disturb or interfere with the tenant’s occupancy (Willard v. Bunting, 34 N. Y. 153; Smith v. Kerr, 108 N. Y. 31). Unless such right to re-entry is reserved, the landlord has no general right at common law to enter on the premises, even to make repairs (Harperley Hall Co. v. Joseph, 187 N. Y. S. 120). However, if the re-entry is required by public authorities, or to cure and repair a dangerous condition, and the duty is cast upon the landlord to do so, he is not liable to the tenant for such disturbance or interference (Gould v. Springer, 206 N. Y. 641, affg. 140 App. Div. 932; Campbell v. Porter, 46 App. Div. 628; Markham v. Stevenson Brewing Co., 51 App. Div. 463, affd. 169 N. Y. 593).
In American Tract Soc. v. Jones (76 Misc. 236) cited and approved in Davies, Turner & Co. v. Schatzen (124 Misc. 170) the landlord forbade the use of a passkey and the tenant claimed an eviction. Judgment for the landlord was reversed and a new trial ordered. The court held that the landlord’s arbitrary refusal to furnish the tenant with an additional key and the landlord’s refusal to let the tenant make his own additional key, and instructing the elevator starter not to let the tenant in with the landlord’s passkey was a willful disregard of the tenant’s rights and was an interference with the tenant’s enjoyment of the leased premises, amounting to an eviction.
In Magner v. Barrett (139 App. Div. 172, 173) involving defendant’s failure to deliver keys to premises, among other things, evinced a showing that defendant held over and indicated “ a disregard of the plaintiff’s rights which justified holding that the defendant had become liable for a new term at the election of the plaintiff.”
In the case at bar, the tenants have no term; they are statutory tenants (Stern v. Equitable Trust Co., 238 N. Y. 267). “ The tenant thus remains in possession, not by virtue of any agreement, expressed or implied, either as to duration of term * * * but by * * * compulsion which the law exerts on
the landlord to allow him to remain ” (Stern, pp. 269-270, supra). Therefore, the right to re-enter is not abridged by any letting or during a term of lease where a reservation therefor had been made. It follows in the court’s opinion that since no term other than a statutory one, albeit involuntary as to the landlords, is present, the landlords may not exact the right to re-enter in demanding a passkey or additional key or duplicate key from the tenants.
*311 The Administrative Code and the rules thereunder are silent as to the question of keys, and in the absence of a lease or a statutory provision requiring the tenant to furnish the landlord with a key the landlord has no common-law right to demand a key. A final order may therefore be entered in favor of each tenant dismissing the petition herein.