■ KENNETH M. TOLLEY, Appellant, v DOGLEG REALTY Co. et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Pantano, J.), entered March 18, 1981, which is in favor of defendants and against him upon the trial court's dismissal of the complaint as against both defendants at the close of plaintiff's case, at a jury trial. (We deem plaintiff's notice of appeal to be a premature notice of appeal from the judgment.) Judgment reversed, on the law, and new trial granted, with costs to abide the event. Plaintiff testified that he fell on a patch of ice on the sidewalk directly in front of defendant Firestone's store. No one testified to viewing the ice prior to the accident. However, the responding police officer and an employee of defendant Firestone both saw the patch of ice immediately following plaintiff's fall. It was undisputed that there had been a snow storm two days prior to the incident. The temperature remained around the freezing point from the time of the snow fall until the accident. There was additional testimony from defendant Dogleg's manager, Walter Bregman, that Dogleg was the owner of the sidewalk on which plaintiff fell. Dogleg was responsible for keeping the sidewalk clean. However, he claimed that by oral agreement Firestone had agreed to undertake the clearing of snow and ice from the sidewalk. Firestone denies the existence of any such oral agreement. On a motion by a defendant for a directed verdict the facts must be considered in the light most favorable to the plaintiff (see *Calvaruso v Our Lady of Peace R. C. Church,* 36 AD2d 755; *Cesario v Chiapparine,* 21 AD2d 272). In addition, a directed verdict may only be granted if the jury could not find for the plaintiff by any rational process (see *Cohen v Hallmark Cards,* 45 NY2d 493; *Cesario v Chiapparine, supra; Prince v City of New York,* 21 AD2d 668). The facts presented in this case warranted the submission of the case to the jury. Clearly, it would not have been "utterly irrational" for the jury to have found either or both defendants liable (cf. *Cohen v Hallmark Cards, supra,* p 499). Plaintiff adequately raised the issue as to whether Dogleg met the reasonable person standard of care of property owners as set forth in *Basso v Miller* (40 NY2d 233). The issue of Firestone's alleged obligation to clear the sidewalk was adequately set forth as well. Accordingly, we reverse and grant a new trial. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.