■ ROSANO's FARM STORE, INC., Appellant, v INTERNATIONAL COLLECTION SERVICE, INC., Respondent.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered July 9, 1984 in Albany County, which partially granted defendant's motion to dismiss the complaint.

On March 19, 1982, plaintiff and defendant executed a contract whereby defendant was to provide debt collection services for plaintiff. Claiming that defendant failed to properly perform its duties under the contract, plaintiff commenced litigation in January of 1984 alleging as a fourth cause of action a contractual entitlement to counsel fees based upon an indemnification clause in the contract. Defendant moved to dismiss plaintiff's entire complaint pursuant to CPLR 3211 (a) (1). Special Term partially granted the motion by dismissing plaintiff's claim for counsel fees and this appeal ensued.

We affirm. Absent an express contractual obligation or specific statutory authority, counsel fees are not a recoverable item of damages *(Matter of Goresen v Gallagher,* 97 AD2d 626,

628, *lv denied* 61 NY2d 602; *Tucker v Toia,* 64 AD2d 826, 826-827, *appeal dismissed* 48 NY2d 755). Our reading of the contract fails to disclose any provision expressly authorizing a claim for counsel fees in the event of defendant's breach. Plaintiff asserts that paragraphs six and eight in the contract provide for the payment of plaintiff's counsel fees. However, paragraph six only states that *defendant* may recover such fees in the event *plaintiff* failed to pay defendant's invoices. Moreover, plaintiff relied exclusively upon the provisions of paragraph eight at Special Term and therefore waived any claim pursuant to paragraph six *(Zeballos v Zeballos,* 104 AD2d 1033, 1033-1034).

Paragraph eight provides that defendant "shall indemnify and hold harmless client for any claims, loss or damage, including attorney's fees * * * arising out of or due to [defendant's] collection efforts". This provision clearly only contemplates that defendant will reimburse plaintiff for expenses incurred because of lawsuits initiated by third parties due to defendant's collection activities. It is an indemnity clause, and a right to indemnity exists when a plaintiff or defendant has been compelled to pay money to a third party which, in justice, the other ought to pay because as between the plaintiff and the defendant there is a duty to avoid such injury to the third party *(Smith v Hooker Chem. & Plastics Corp.,* 83 AD2d 199, 200-201, *lv denied* 56 NY2d 645). Thus, this paragraph does not give plaintiff any right to counsel fees attributable to an action between plaintiff and defendant on the contract. Accordingly, since there was no basis under the contract or under general law by which plaintiff could recover counsel fees in the event of a breach of contract, the motion to dismiss that claim was properly granted *(see, Matco Elec. Co. v Plaza Del Sol Constr. Corp.,* 82 AD2d 979, 980, *appeal dismissed* 55 NY2d 748).

Order affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.