■ WYATT KAHN, Respondent, v GATES CONSTRUCTION CORP. et al., Appellants, et al., Defendant. UNDERSEA SYSTEMS, INC., Third-Party Defendant-Respondent.—In an action, inter alia,

to recover damages for personal injuries, the defendants Gates Construction Corp. and Suffolk Marine Constructors appeal from so much of an order of the Supreme Court, Suffolk County (Robbins, J.), dated September 10, 1985, as granted the plaintiff's motion to set aside as inadequate so much of the verdict as determined the issue of damages in his favor in the principal amount of only $24,000, and Suffolk Marine Constructors further appeals from so much of the same order as granted, nunc pro tunc, the cross motion of the third-party defendant Undersea Systems Inc. to set aside the verdict against it and dismiss the third-party complaint on the ground that Suffolk Marine Constructors failed to establish a prima facie case.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provisions thereof which granted the plaintiff's motion and dismissed the third-party complaint, and substituting therefor provisions denying the plaintiff's motion as moot and granting the cross motion to the extent of directing a new trial of the plaintiff's action as against all of the defendants with the exception of the County of Suffolk, and a new trial with respect to the third-party complaint; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On June 16, 1978, the plaintiff, a commercial diver in the employ of the third-party defendant Undersea Systems, Inc. (hereinafter Undersea), lost the tips of three fingers while setting down a section of underwater pipeline under conditions of very poor visibility. The defendant Suffolk Marine Constructors (hereinafter Suffolk Marine), a joint venture in which the defendant Gates Construction Corp. (hereinafter Gates), was a participant, had subcontracted with Undersea to accomplish certain underwater work which was entailed in the general contract between Suffolk Marine and the County of Suffolk for the construction of the ocean portion of the Southwest Sewer District No. 3 Sewer Outfall, contract I-6B.

The underlying action for damages of $1,000,000 was commenced against the defendants Gates, Suffolk Marine and the County of Suffolk on the ground that the aforementioned defendants, who were responsible for supervising the work, negligently permitted a dangerous or defective condition to exist during the construction that caused the plaintiff's injury. The county had a full and total indemnification agreement by which the remaining defendants in the main action, Gates and Suffolk Marine, agreed to indemnify the county for any loss suffered by it in consequence of the underlying occur-

rence. The plaintiff's case against the county was ultimately discontinued and the county is not a party to the instant appeal.

Suffolk Marine brought a third-party action against the plaintiff's employer, Undersea, seeking indemnification from Undersea should Suffolk Marine be found negligent and liable for the plaintiff's injury. The defendant Gates was not a party to the third-party action. The third-party complaint stated two causes of action, one predicated on Undersea's negligence and failing to supply its employees with proper instructions and equipment and in permitting inexperienced divers to perform the work for which it had contracted. The second cause of action was based on Undersea's alleged breach of an express or implied warranty for its failure to provide skilled and capable divers for the work to be accomplished. Undersea counterclaimed for indemnification and/or contribution. The matter proceeded to trial.

In the first trial, the complaint was improperly dismissed at the close of the plaintiff's case and a new trial was directed (*Kahn v Gates Constr. Corp.*, 103 AD2d 438). At the close of the second trial, the jury returned a verdict finding that the first-party defendants Gates, Suffolk Marine and the County of Suffolk, which has since been let out of the case, were negligent, and further finding that their negligence was the proximate cause of the plaintiff's injuries. However, the jury also found that the plaintiff's own negligence contributed to his injuries, and apportioned fault in the happening of the accident at 50% on his part and 50% on the part of the first-party defendants, Gates and Suffolk Marine. The jury then turned to the third-party complaint and determined that the "third-party plaintiffs", Gates and Suffolk Marine, had established that the negligence of the plaintiff's employer, third-party defendant Undersea, was also a proximate cause of the plaintiff's injuries. (The questions to the jurors were phrased in terms of "third-party plaintiffs", albeit the fact that Gates was not a party to the third-party action. The parties, however, make no mention of this discrepancy on appeal.) The jury then fixed the amount of Undersea's contribution or indemnification of the "third-party plaintiffs" in response to the question "What is the percentage of negligence of the first-party defendants that is caused by the negligence of the third-party defendants?" at 100%. The jury found that the plaintiff's damages totaled $24,000.

The verdict was received with consternation by the court and the attorneys. The record reflects commentary that the

jurors may have misunderstood the court's instructions and that the verdict was inconsistent.

The trial court thereafter granted, in the interest of justice, a motion by the plaintiff to set aside so much of the verdict as determined the total damages suffered by him in the sum of $24,000 and ordered a new trial on the issue of damages. The court further granted the third-party defendant Undersea's cross motion to dismiss the third-party action on the ground that the finding of the jury that Undersea was responsible for 100% of the first-party defendants' negligence was not supported by law or the weight of the evidence. We modify the order appealed from so as to deny the motion and grant the cross motion to the extent of ordering a new trial with respect to all issues.

It was error to grant, nunc pro tunc, after the verdict, the third-party defendant Undersea's motion to dismiss the action against it for failure to prove a prima facie case. On a motion to dismiss for failure to make out a prima facie case "the test is not whether a plaintiff's verdict would have been set aside as contrary to the weight of the credible evidence, but whether the jury could find for the plaintiff by any rational process (see *Rhabb v New York City Housing Auth.*, 41 NY2d 200; *Santiago v Steinway Trucking*, 97 AD2d 753; *Tolley v Dogleg Realty Co.*, 89 AD2d 602; *Monahan v Weichert*, 82 AD2d 102)" *(Kahn v Gates Constr. Corp.*, 103 AD2d 438, 445, *supra)*.

In the instant case, the record contains sufficient evidence to set forth a prima facie case that the third-party defendant failed to afford adequate supervision to the plaintiff. There was testimony, for example, that although Kahn's supervisor, Parsons, knew that attaching the down line to the pipe choker could create a hazardous or unsafe condition, he failed to raise any objection when this procedure was first proposed at a time before Kahn even entered the water. It was clear from Parsons' own testimony that both he and Kahn had an equal voice in the decision of where to place the line. Furthermore, Parsons could have ordered Kahn to come out of the water if he felt that conditions were unsafe. Parsons, nevertheless, directed the plaintiff to do what he knew to be dangerous, namely, to attach the down line to the choker. It was readily inferable from the record that Kahn had not positioned himself at a safe distance from the sliding, live choker, which his supervisor should have known by observing his air bubbles.

It is clear from these facts that there was more than

sufficient evidence to establish a prima facie case against the plaintiff's employer. Consequently, the trial court erred in dismissing the third-party complaint.

However, the verdict is inconsistent and should not be allowed to stand. After finding that the first-party defendants were in fact negligent and that their negligence was a proximate cause of the plaintiff's injury, the jury went on to find that the percentage of "negligence" of the first-party defendants which was caused by the "negligence" of Undersea was 100%. While the negligence of both Gates and Suffolk Marine may well have been completely overshadowed by that of the plaintiff's employer, the jury nevertheless found the former to be culpable parties. The record fails to disclose any basis upon which Gates and Suffolk Marine, as culpable parties, were entitled to full indemnification from Undersea. There is no indication that the subcontract between Suffolk Marine and Undersea contained an indemnification clause. While privity of contract is not a *sine qua non* to the existence of a right of indemnity (23 NY Jur 2d, Contribution, Indemnity, and Subrogation, § 62), the circumstances do not warrant a finding that Undersea was entitled to indemnification on a quasi contract theory of unjust enrichment. Indemnity, which arises from an independent duty between joint tort-feasors, shifts the duty to pay in full from the joint tort-feasor called upon to pay to the one who ought to pay because as between them he has a duty to do so. If, as in the instant case, there is no duty as between the joint tort-feasors to prevent injury to the victim, there can be no right of indemnity to one from the other *(Smith v Hooker Chem. & Plastics Corp.,* 83 AD2d 199, 201-202, *lv dismissed* 56 NY2d 645; *accord, Rosano's Farm Store v International Collection Serv.,* 115 AD2d 195, 196; *see also, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559). Accordingly, there is no legal justification on this record for the jury's assessment that Suffolk Marine and Gates were at fault, but that Undersea was 100% liable for their fault.

Having established that the verdict is inconsistent and that it cannot be justified by recourse to the principles of indemnification, we must remit the case to the Supreme Court, Suffolk County, for yet another trial. Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.