■ DOMINICK SINOPOLI et al., Appellants, v ANTHONY BUDA et al., Respondents.—In an action, *inter alia,* to enjoin the obstruction of a "public right-of-way", the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), dated November 24, 1987, which after a nonjury trial, and upon granting the defendants' motion for judgment during trial, dismissed the complaint "on the merits".

Ordered that the judgment is affirmed, with costs.

It is well settled that, on a motion by a defendant for judgment at the close of the plaintiff's case, the facts must be considered in the light most favorable to the plaintiff *(see, Tolley v Dogleg Realty Co.,* 89 AD2d 602). Here, however, the plaintiffs' proof was insufficient with respect to the ownership of the property in question as well as to the actual dimensions

and boundaries of the disputed area and alleged encroachment. No deed or proper survey was presented nor was there any testimony by a surveyor as to the location of the fence or any encroachment upon the plaintiffs' property *(see, Greenberg v Manlon Realty,* 43 AD2d 968). We also note that no evidence was presented as to any diminution in the value of the plaintiffs' property, or as to any damages sustained.

The plaintiffs' claim with respect to the failure of the defendants to submit a timely judgment to the trial court for signature is without merit *(see,* Uniform Rules for Trial Cts [22 NYCRR] § 202.48). We note that the plaintiffs themselves could have submitted a judgment at any time. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.