CAMATRON SEWING MACHINE, INC., Appellant-Respondent, v F.M. RING ASSOCIATES, INC., et al., Respondents-Appellants.

First Department, April 7, 1992

### APPEARANCES OF COUNSEL

*Ellen R. Buxbaum* of counsel *(Bressler, Amery & Rothenberg,* attorneys), for appellant-respondent.

*David Z. Gordon* of counsel *(Moroze Sherman Gordon & Gordon, P. C.,* attorneys), for respondents-appellants.

### OPINION OF THE COURT

SULLIVAN, J.

Plaintiff seeks a judicial declaration of the rights of the parties with respect to a planned alteration by the landlord under a lease entered into on July 18, 1984 between plaintiff and R.C.M. Maintenance Co., Inc., pursuant to which plaintiff, for a period of 10 years commencing September 1, 1984 and ending August 31, 1994, rented the "STORE, BASEMENT SPACE (AS SHOWN ON ATTACHED PLAN) AND THE ENTIRE SEVENTH (7th) FLOOR" at 142-146 West 24th Street in Manhattan. At the time the lease was entered into, plaintiff was already occupying the demised space and had been since February 1980. In article 41 of the lease, plaintiff "represent[ed] that it is presently in possession of the demised premises". Six weeks after entering into the lease, on August 29, 1984, R.C.M. assigned all of its rights under the lease to the defendants Ring.

Throughout the entire period of its tenancy, plaintiff has used the seventh floor as a warehouse, the basement area for manufacturing and the "store", which constitutes the entire rentable portion of the building's ground floor, both for manufacturing (back area) and to house its administrative and executive offices (front area). According to plaintiff, of all the demised space spread over three floors of the building, the "store" is the most vital to its operation since its day-to-day business operations are conducted from that space.

In August 1988, defendant Frank Ring informed plaintiff that defendants were planning a renovation of the lobby. Mr. Ring subsequently advised plaintiff that defendants intended to knock down the lobby wall adjacent to plaintiff's administrative office and move it inward three feet. This particular

renovation, intended to ameliorate the lobby's awkward configuration, would eliminate 46.5 square feet from the store area, approximately 25% of plaintiff's administrative office.

Plaintiff objected to the proposed renovation on the ground that it would adversely affect its business operations by eliminating vital space. Since the renovation would, plaintiff argued, deprive it of possession of a portion of the leased space, it thus constituted a partial actual eviction. Defendants ignored plaintiff's protests, claiming that article 13 of the lease authorized the contemplated diminution of plaintiff's leased area. Article 13, upon which defendants rely, provides, in pertinent part: "Owner shall have the right at any time, without the same constituting an eviction and without incurring liability to Tenant therefor to change the arrangement and/or location of public entrances, passageways, doors, doorways, corridors, elevators, stairs, toilets, or other public parts of the building and to change the name, number or designation by which the building may be known."

■ After joinder of issue in the within lawsuit, plaintiff moved for summary judgment and injunctive relief prohibiting defendants from making any renovations or alterations which would deprive it of its leased area. Defendants cross-moved for summary judgment on the ground that article 13 of the lease entitled them to make the renovations, which were de minimis, and for counsel fees. Defendants argued that the 46.5 square feet loss would constitute less than 1% of the total demised space, that is, store area, basement and seventh floor. The IAS court denied summary judgment to plaintiff and granted defendants' cross motion for summary judgment dismissing the complaint, holding that the lease authorized the renovations. Plaintiff appeals, while defendants cross-appeal from the denial of their request for legal fees. We modify to reverse the denial of summary judgment to plaintiff and the grant of same to defendants, to declare in plaintiff's favor and permanently enjoin defendants from proceeding with their proposed renovation to the extent it diminishes plaintiff's leasehold interest.

While article 13 of the lease, cited by defendants as authorization for the contemplated taking and relied upon by the IAS court in dismissing the complaint, permits changes in the location of, *inter alia*, the public entrances, passageways, doorways and corridors and "other public parts of the building", "without the same constituting an eviction", that reservation is limited to the building's public areas and does not,

explicitly or implicitly, authorize the landlord to take a portion of the demised area. Absent such a reservation to the landlord, the tenant has the sole and exclusive right to undisturbed possession during the term of the lease and the landlord has no right to take possession of a part of the demised premises to the exclusion of the tenant. *(See, Smith v Kerr,* 108 NY 31, 34-35; *Zwerin v Geiss,* 38 Misc 2d 306, 309-310.) Since plaintiff has the exclusive right to occupy the 46.5 square feet area which will be taken as a result of defendants' relocation of a lobby wall, its loss of the use of that area constitutes an actual eviction, albeit partial, on the part of defendants. *(See, Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 82.) Moreover, contrary to defendants' argument, the contemplated taking is not de minimis; it constitutes 25% of the 201.5 square feet store space used for its administrative office. In *81 Franklin Co. v Ginaccini* (160 AD2d 558), the landlord's construction of an elevator shaft through the tenant's art gallery constituted, *inter alia,* a 1% diminution of the total demised space and was held to constitute a partial actual eviction entitling the tenant to a rent abatement.

The IAS court's reliance on *Bijan Designer for Men v St. Regis Sheraton Corp.* (142 Misc 2d 175, *affd* 150 AD2d 244) is misplaced. There, the tenant leased premises consisting of two-story retail space in the St. Regis Hotel. The store had an entrance on Fifth Avenue as well as entrances from the hotel's lobby and mezzanine. The court found that there was no actual eviction as a result of extensive renovation work which restricted customers' entry from the lobby and mezzanine, since the tenant had agreed that the landlord had the right to make repairs or alterations " 'either to the Hotel or the demised premises' " and would not be liable for loss or interruption of the tenant's business as a result of the repairs or alterations. (142 Misc 2d, *supra,* at 178.) Similarly, in *Two Rector St. Corp. v Bein* (226 App Div 73) and *Ernst v Straus* (114 App Div 19), cited by defendants, the landlord's entry was a temporary one and was for the purpose of making repairs and alterations pursuant to a provision in the lease giving the landlord permission to enter for such a purpose. In none of these cases did the landlord seek, as it does here, to deprive the tenant permanently of a portion of the leased space without any contractual right to do so.

Nor does the authorization given to the landlord to enter

the demised premises to make necessary and "reasonably desirable" repairs or improvements constitute authorization of alterations which would take from the tenant a portion of its premises. Neither article 13 nor any other provision of the lease authorizes a rearrangement of demised space or gives the landlord the right to make a renovation which would result in a diminution in the size of the demised premises.

■ In their cross appeal, defendants claim counsel fees solely in reliance on article 19 of the lease, which provides that if the tenant defaults in the observance or performance of any of its lease obligations and if, in connection therewith, the landlord incurs fees or expenses, including attorney's fees, such fees shall be deemed additional rent. Clearly, plaintiff has not defaulted in the performance of any of its lease obligations; it has merely sought a judicial declaration as to its rights with respect to a lease provision. Absent some contractual or statutory right thereto, attorneys' fees and litigation costs are not ordinarily recoverable as an element of damages. *(Rosano's Farm Store v International Collection Serv.,* 115 AD2d 195.)

Accordingly, the order of the Supreme Court, New York County (Diane A. Lebedeff, J.), entered July 30, 1991, should be modified, on the law, to deny defendants' cross motion for summary judgment, grant plaintiff's motion for summary judgment and declare in its favor that the proposed renovation would cause a partial taking of plaintiff's leased space and interfere with and disturb its use and occupancy of the demised space, and permanently enjoin defendants from commencing the renovation, as proposed, and, except as thus modified, affirmed with costs and disbursements to plaintiff.

MURPHY, P. J., MILONAS, ELLERIN and SMITH, JJ., concur.

Order of the Supreme Court, New York County, entered July 30, 1991, is modified, on the law, to deny defendants' cross motion for summary judgment, grant plaintiff's motion for summary judgment and declare in its favor that the proposed renovation would cause a partial taking of plaintiff's leased space and interfere with and disturb its use and occupancy of the demised space, and permanently enjoin defendants from commencing the renovation, as proposed, and, except as thus modified, affirmed, with costs and disbursements to plaintiff.