■ MARY ANN SPINALE et al., Appellants, v 10 WEST 66TH STREET CORPORATION, Respondent. [597 NYS2d 345] —Order, Supreme Court, New York County (William J. Davis, J.), entered February 20, 1992, which, *inter alia,* denied plaintiffs' motion for a preliminary injunction, and granted defendant's cross-motion for summary judgment dismissing the complaint and upon its counterclaim for attorneys' fees to the extent of directing an immediate trial on the issue of damages, unanimously modified, on the law, to the extent of dismissing defendant's counterclaim for attorneys' fees, and otherwise affirmed without costs. Order, same court and Justice, entered April 28, 1992, which denied plaintiffs' motion to reargue and renew, unanimously affirmed without costs. Order and judgment, Supreme Court, New York County (Stuart Cohen, J.), entered September 15, 1992, awarding defendant $27,694.92 in attorneys' fees inclusive of interest and costs, unanimously reversed, on the law, and such award is vacated without costs.

In seeking a preliminary injunction prohibiting defendant cooperative corporation from installing submeters for electricity in its cooperative apartment building, plaintiff tenant-shareholder and her spouse failed to show the requisite likelihood of success, irreparable harm, or a balancing of the equities in their favor *(DeLury v City of New York,* 48 AD2d 405; *Albini v Solork Assocs.,* 37 AD2d 835). Nor did plaintiffs raise any bona fide triable issues of fact in opposition to defendant's motion for summary judgment.

Plaintiffs contend that the amendment to the proprietary leases, adopted pursuant to Public Service Commission regulation, permitted the introduction of submetering, but still required a formal meeting of the shareholders to implement the amendment. That argument is unavailing, inasmuch as the applicable lease provision for amendments expressly provided, as the alternative to such a meeting, the written consent of at least two-thirds of the stockholders. (Here, over 75% of the shareholders had consented in writing.) The fact that this amendment became effective 10 years ago does not render it inoperative by mere lapse of time, since every subsequently incoming shareholder took his tenancy subject to the amendment's terms by virtue of its inclusion in all post-executed leases. The change in the shareholder body is immaterial, and no new "vote" is mandated.

The court also correctly denied plaintiffs' motion for leave to renew and reargue, since there was no showing that the court overlooked or misapprehended relevant facts or misapplied controlling law in the prior decision, nor did plaintiffs offer any evidence on that motion that was unavailable to them upon the court's original consideration of the case. However, as plaintiffs had not defaulted in the performance of any lease obligations, but merely sought a judicial declaration of their rights under the lease, the court erred in awarding defendant attorneys' fees *(Camatron Sewing Mach. v Ring Assocs.,* 179 AD2d 165; *Mogulescu v 255 W. 98th St. Owners Corp.,* 135 AD2d 32, *appeal dismissed* 71 NY2d 964, *lv dismissed and denied* 73 NY2d 868).

We have considered plaintiffs' other arguments and find them without merit. Concur—Milonas, J. P., Rosenberger, Wallach and Ross, JJ.