■ GERARD ALTIERI et al., Appellants, v NET REALTY HOLDING TRUST et al., Respondents. [655 NYS2d 984] —In an action to recover damages for overpayment of rent and for the violation of General Business Law § 349, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 20, 1996, as granted the defendants' application for an award of attorney's fees.

Ordered that the order is reversed insofar as appealed from, with costs, and the application for an award of attorney's fees is denied.

In October 1989 the plaintiffs (hereinafter the tenants) entered into a ten-year lease for office space in a building owned by the defendant Net Realty Holding Trust and managed by the defendant Net Properties Management, Inc. (hereinafter collectively referred to as the landlord). In 1995 the tenants commenced suit against the landlord alleging that they had been overcharged for additional rent. The landlord moved for summary judgment seeking dismissal of the complaint and an award of attorney's fees, as well as costs and/or sanctions. The court granted the motion for summary judgment and also held that the "judgment on notice * * * shall provide for an award of counsel fees as provided by the lease". The court did not award sanctions or costs.

The tenants are correct that the lease between the parties did not provide for the recovery of attorney's fees in the instant situation. Inasmuch as the tenants were not in default of any covenant of the lease, and since their lawsuit merely sought, in effect, a judicial declaration as to the proper amount of rent due under the lease, the contractual provisions contained therein did not permit the landlord to recover attorney's fees, even though the lawsuit was dismissed *(see, Hall & Co. v Orient Overseas Assocs.,* 84 AD2d 338, *affd* 56 NY2d 965; *see also, Sencen v Cresthaven Sponsoring Corp.,* 205 AD2d 680; *Camatron Sewing Mach. v Ring Assocs.,* 179 AD2d 165; *East 55th St. Joint Venture v Litchman,* 126 Misc 2d 1049).

The landlord was also not entitled to either sanctions or costs *(see,* 22 NYCRR part 130; CPLR 8303-a). Sullivan, J. P., Santucci, Friedmann and McGinity, JJ., concur.