■ LAWRENCE SALVATO et al., Respondents, v ST. DAVID'S SCHOOL et al., Appellants. [763 NYS2d 42] —Order, Supreme Court, New York County (Paula Omansky, J.), entered November 14, 2002, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiffs' first, second, third and fifth causes of action, and granted summary judgment to plaintiffs on their first, second and third causes of action, with damages to be determined as their attorneys' fees, unanimously reversed, on the law, without costs, and defendants' motion to dismiss plaintiffs' first, second, third and fifth causes of action granted.

Plaintiffs are residential tenants in apartment 3C at 22 East 89th Street in Manhattan, a building owned by defendant St. David's School, which occupies the adjacent building; defendant Mautner-Glick Corp. is the building's managing agent. This action arose as a result of the school's plans for alterations to its building, which initially included the conversion to the school's use of space encompassed by a walk-in closet that is part of plaintiffs' apartment. Plaintiffs' complaint sought a declaratory judgment that the planned demolition constituted an anticipatory breach of their lease, and an injunction preventing interference with their leasehold. It also sought an award of attorneys' fees.

We agree with the motion court that because defendants completed their construction work without any interference with plaintiffs' closet, plaintiffs did not suffer any compensable diminution to their leasehold and are now unable to prove monetary damages arising from a loss of space. However, we disagree with the court's conclusion that plaintiffs are entitled to attorneys' fees under the lease.

The attorneys' fees provision of the lease gives the tenant the right to collect reasonable legal fees incurred in a lawsuit it brings against the owner to the extent permitted by Real Property Law § 234; that statute authorizes awards of attorneys' fees to tenants in actions arising out of residential leases based on the landlord's *failure to perform any covenant under the lease*. We agree with defendant that this action does not fall within that category, because the landlord did not, in fact, breach a covenant of the lease. The concept of anticipatory breach, while it entitles a plaintiff to sue for breach of contract when the other party makes a "definite and final communication of the intention to forego performance" (*Rachmani*

*Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262, 267 [1995]), nevertheless does not satisfy plaintiffs' obligation to establish the landlord's actual failure to perform a covenant under the lease.

The causes of action at issue, in effect, merely sought a judicial declaration as to plaintiffs' rights under the lease to retain the use of the walk-in closet. While injunctive relief was also sought, that relief was merely to prevent possible future conduct which would, if it actually occurred, constitute a breach of the lease. In neither form does this claim qualify as an action based on the landlord's failure to perform a covenant under the lease (*cf. Spinale v 10 W. 66th St. Corp.*, 193 AD2d 431, 432 [1993]; *Camatron Sewing Mach. v F.M. Ring Assoc.*, 179 AD2d 165 [1992]).

In the absence of any right to attorneys' fees, there are no compensable damages for plaintiffs' first, second, third and fifth causes of action. Therefore, in the absence of the essential element of damages, defendants' motion to dismiss those causes of action should have been granted. Concur—Tom, J.P., Saxe, Ellerin, Lerner and Gonzalez, JJ.