■ ZEVNIK, HORTON, GUIBORD, McGOVERN, PALMER & FOGNANI, LLP, Appellant, v SHERATON HOLDING CORP. et al., Respondents. [758 NYS2d 639] —Order, Supreme Court, New York County (Edward Lehner, J.), entered October 30, 2002, which, in an action by a subtenant against the main tenants in which each charges the other with breach of the sublease, granted defendants' motion for summary judgment as to liability on all claims and counterclaims, and directed an assessment of damages, unanimously affirmed, without costs.

Plaintiff's only argument why it is no longer bound by the sublease is that it was constructively evicted from the premises when defendants refused to admit a cleaning crew it had hired some five months after it vacated the premises for financial reasons. This type of one-time interference with the use and enjoyment of premises does not amount to the substantial and material deprivation necessary to establish a constructive eviction (*see Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 83 [1970]). Moreover, it was not what caused plaintiff to vacate the premises (*see id.*; *Cut-Outs v Man Yun Real Estate Corp.*, 286 AD2d 258, 262 [2001]). As plaintiff remains bound by the sublease, it is required to replenish the letter of credit it had given as a security deposit. Plaintiff's reliance on *L & B 57th St., Inc. v E.M. Blanchard, Inc.* (143 F3d 88 [1998]) is misplaced. There, a "good guy" clause in a guarantee extinguished the guarantor's liability for a tenant's obligations in the event the tenant vacated (*id.* at 90, 92-93). Here, there is no such clause to "trump" (*id.* at 93) the plain language of the sublease requiring plaintiff's replenishment of the letter of credit to the extent drawn down by defendants. We have considered plaintiff's other arguments and find them

unavailing. Concur—Tom, J.P., Saxe, Williams, Lerner and Marlow, JJ.