[896 NYS2d 562]

Ray Cameron, Respondent, v Aurora Associates, L.P., Appellant.

Supreme Court, Appellate Term, First Department, December 29, 2009

APPEARANCES OF COUNSEL

*Kellner Herlihy Getty & Friedman, LLP,* New York City
(*Jeanne-Marie Williams* of counsel), for appellant. *Fred Licht-macher,* New York City, for respondent.

OPINION OF THE COURT

Per Curiam.

Judgment, entered April 7, 2009, reversed, with $30 costs, and judgment directed in favor of defendant dismissing the complaint. Appeal from order, entered March 20, 2007, dismissed, without costs, as subsumed in the appeal from the judgment.

■ Based upon the evidence adduced at the nonjury trial and in the exercise of our authority to render the judgment warranted by the facts (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]), we conclude that plaintiff, a former residential tenant at defendant's "supportive, shared housing residence for adults," failed to establish that defendant breached the covenant of quiet enjoyment. Plaintiff was required to "stay away" from the demised apartment premises by the express terms of an order of protection issued by Criminal Court against him at his roommate's request. Thus, to the extent plaintiff showed that he was "forced to move out" of the apartment, any such "ouster" resulted from his own compliance with the mandate of the order of protection, and not from any unlawful interference with his

tenancy or other wrongful act on the part of defendant landlord (*see Jackson v Westminster House Owners Inc.*, 24 AD3d 249 [2005]; *M.Y. Realty Corp. v Atlantic First Fin. Corp.*, 19 AD3d 156 [2005]; *Zevnik, Horton, Guibord, McGovern, Palmer & Fognani v Sheraton Holding Corp.*, 304 AD2d 455 [2003]; *see also Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 83 [1970]). Notably, the lease agreement between the parties, pursuant to which plaintiff rented one bedroom of a two-bedroom unit with common areas that he shared with a roommate, required plaintiff and his roommate to attempt to resolve any disputes arising between them through mediation or arbitration, and the record demonstrates that defendant provided mediation programs to plaintiff and his roommate.

■ Nor did plaintiff demonstrate a cognizable claim for breach of the warranty of habitability. The statutory warranty of habitability (*see* Real Property Law § 235-b) protects against conditions that materially affect the health and safety of tenants or deficiencies that "in the eyes of a *reasonable person* . . . deprive the tenant of those *essential functions* which a residence is expected to provide" (*Solow v Wellner*, 86 NY2d 582, 588 [1995], quoting *Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316, 328 [1979], *cert denied* 444 US 992 [1979]), and should not be stretched beyond its breaking point to provide a means for recovering damages allegedly caused by the personal animus between a residential tenant and his or her roommate.

In light of our conclusion that defendant is entitled to dismissal of the complaint in its entirety, the parties' contentions regarding the issue of punitive damages are academic.

Upon the court's own motion, the decision and order of this court entered on November 17, 2009 is hereby recalled and vacated and the above substituted therefor.

McKEON, P.J., SHULMAN and HUNTER, JJ., concur.